# R. C. MATHWIG v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY AND ANOTHER.[1]

May 7, 1920.

No. 21,696.

**Verdict sustained.**

1. The evidence sustains the verdict.

**Evidence inadmissible under statutory liability.**

2. The statute having made defendant liable absolutely if its locomotive set the fire which caused the damage, the court properly excluded evidence to show that defendant was guilty of negligence in failing to patrol its right of way.

**Fire from locomotive — charge to jury not objected to.**

3. The court, as a corrective at the close of the charge, stated there was no claim that the locomotive set the fire in any other manner than by sparks from the smokestack and that the jury must find that such sparks set the fire in order to find that it was set by the locomotive. Plaintiff waived any objection to this statement by failing to indicate at the trial that he made any other or different claim.

**Charge to jury — equipment with spark arrester.**

4. An instruction to take the evidence as to the manner in which the locomotive was equipped with spark arresters into consideration in determining whether it set the fire was proper.

**Damages — charge immaterial.**

5. The instructions relating to damages are immaterial as the jury found in favor of defendant.

**Misconduct of attorney — proof by affidavit not in record.**

6. Misconduct of defendant's attorney in his argument to the jury cannot be shown by affidavit outside the record.

Action in the district court for Marshall county to recover $1,500 damages for destruction of plaintiff's buildings by fire. The case was tried before Grindeland, J., and a jury which returned a verdict in

[1] Reported in 177 N. W. 643.

favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*E. A. Brekke* and *William J. Brown,* for appellant.

*John L. Erdall* and *Julius J. Olson,* for respondent.

TAYLOR, C.

Plaintiff sued to recover damages for the burning of his buildings, alleging that the fire which burned them had been set by one of defendant's locomotives. The jury returned a verdict for defendant. Plaintiff appealed from an order denying a new trial.

Plaintiff's buildings were burned on Saturday April 13, 1918. The main controversy at the trial was whether they were burned by a fire which plaintiff claimed had been set on the preceding Wednesday by one of defendant's locomotives at a point on section 34 about four miles directly west of his premises, or by a different fire which came from the south. The evidence made the question of whether the fire on section 34 had been set by defendant's locomotive, and also the question of whether plaintiff's property had been destroyed by this fire or by the fire which came from the south, questions for the jury and is sufficient to sustain their verdict.

Plaintiff urges as error the refusal of the court to permit him to prove that defendant had failed to perform its statutory duty of patroling its right of way. The ruling was proper. The court held that the statute made defendant absolutely liable for the damage if its locomotive set the fire which burned plaintiff's property, and thereby entirely eliminated the question of negligence from the case.

Plaintiff contends that the court made several errors in the charge. The court read to the jury the statute imposing liability on the company for all damages caused by fires "communicated directly or indirectly by the locomotive engine in use upon the railroad," and instructed them that if they found that defendant's locomotive set the fire on section 34 and further found that the burning of plaintiff's property resulted from this fire plaintiff was entitled to recover. At the close of the charge defendant, stating that the cause of the fire had been limited by the pleadings and evidence to sparks emitted from the smokestack, took an exception, on the ground that the charge did not

require the jury to find that the fire came from the smokestack in order to find that it was set by the locomotive. The court stated that he could correct the charge, and thereupon told the jury, in effect, that in order to find that the fire was set by the locomotive they must find that it was set by sparks from the smokestack as "there is no claim here that it was set in any other manner." The pleadings and evidence and the proceedings during the trial probably warranted this instruction, but, whether they did or not, plaintiff made no objection to it and indicated in no way that he made any other or different claim. This statement came about in such a manner that we think it was plaintiff's duty to speak if he made any other claim, and that he waived whatever right he may have had to question the statement by not doing so at the time.

Defendant presented evidence tending to show that its locomotive was equipped with spark arresters which entirely prevented the escape of cinders capable of setting a fire, and plaintiff complains because the court told the jury to take this evidence into consideration in determining whether the locomotive set the fire claimed by plaintiff to have done the damage. This instruction was clearly correct.

Plaintiff also complains of the instructions in respect to damages. The finding of the jury that defendant was not responsible for the destruction of plaintiff's property rendered these instructions immaterial, even if erroneous, but we find nothing improper in them.

Plaintiff's claim that defendant's attorney was guilty of misconduct in his argument to the jury cannot be considered, as it rests wholly upon an affidavit made subsequent to the trial, and the settled case, which is the record of the proceedings at the trial, contains nothing bearing upon it.

We find none of plaintiff's assignments of error well founded and the order appealed from is affirmed.