## MARY AND ALBERT ARVIDSON v. GEORGE H. SLATER AND ANOTHER.[1]

May 29, 1931.

Nos. 28,428, 28,429.

[1]Reported in 237 N. W. 12.

*Arthur T. Nelson* and *Charles A. Sawyer,* for appellants.

*Sexton, Mordaunt, Kennedy & Carroll* and *Morphy, Bradford & Cummins,* for respondent Slater.

OLSEN, J.

Two actions were brought, one by Mary Arvidson to recover damages for personal injury claimed to have been caused by defendant George H. Slater in the driving and operating of his automobile, the other by Albert Arvidson, the husband of Mary, to recover for loss of her services and for medical and hospital expenses incurred and to be incurred in treating the wife for her injury. The two actions were tried together. There was a verdict in defendant's favor in each case. Each plaintiff moved for a new trial and appeals from the order made denying the motion.

Mrs. Arvidson was in the employ of a cleaning and laundry company doing business in St. Paul and Minneapolis. Both were subject to the workmen's compensation law. The laundry company carried workmen's compensation insurance covering Mrs. Arvidson and its other employes. At the time of her injury she was being conveyed in a small truck by another employe of the laundry com-

pany from its place of business in the one city to its place of business in the other and was within the scope and in the course of her employment. The insurer, Travelers Insurance Company, had assumed liability and had paid to Mrs. Arvidson compensation due her under the workmen's compensation act up to the time of the trial. It had also paid the medical and hospital expenses incurred up to that time, amounting to over $5,000. The insurance company was permitted to intervene in both actions, presumably for the purpose of protecting its right of subrogation to the right of the laundry company as employer of Mary Arvidson, in case of recovery by her against the defendant.

■ Plaintiffs' assignments of error numbered 2, 3, 4, 5, 6, and 7 claim errors by the court in admitting evidence showing that the Travelers Insurance Company had paid the medical and hospital expenses above mentioned and had assumed liability to continue so to do, and that plaintiff Albert Arvidson had not paid or incurred any of such expenses.

Under the workmen's compensation law the employer is obligated to pay all necessary medical and hospital expenses. This is a direct liability of the employer, not dependent in any degree upon any general liability of the husband of a married woman to pay for medical and hospital care for his wife. The insurer, by its contract of insurance, agrees with the employer to pay such expenses, or at least to reimburse the employer therefor if paid by him. When either the employer or the insurer assumed liability for and paid these expenses under their statutory and contractual liability therefor, any duty or liability of the husband therefor, if ever existing, ended and disappeared. Neither the employer nor the insurer would have any right of recourse against the husband for any payment so made by them. The only resulting right, in the situation shown, would be the right of the employer or insurer who had paid these expenses to be subrogated to the right of the injured employe and to seek reimbursement, in case she recovered, from the defendant, if entitled thereto under the compensation law. With that right the husband is not here concerned. He sued to recover these

expenses after they had been paid by parties legally liable therefor and to whom he is not liable over. In that situation it was proper to show that these expenses had been paid by the insurer, under its contract, and that the husband had no right to recover the same. The evidence was not admissible as against Mrs. Arvidson, but no objection was made to it on that ground and no request made so to charge. In her complaint she did not seek any recovery for these expenses, and the jury could hardly have been misled or prejudiced as to her cause of action by this evidence. The court submitted her cause of action in a clear and complete charge, to which no exception was taken.

It is suggested that the insurer might have some right of subrogation as to Albert Arvidson. We are unable to find any basis for the claim. Plaintiffs' counsel well argues, and cites decisions holding that, as against the injured party seeking to recover for his injuries, the fact that an insurer or some outside party not the party liable for his injury has paid or indemnified the injured party is no defense. In saying that this evidence was not admissible as against Mrs. Arvidson, we have already so held. But that rule is not applicable to the action brought by the husband, Albert Arvidson, in the situation here shown.

■ Errors are assigned upon the refusal of the court to give two requests. One request, in general terms covering both actions, was that the jury was entirely to disregard the fact that the insurance company had any interest in the outcome of the case. In effect the purpose of the instruction was to have the jury disregard the evidence as to the payment made by the insurance company of the medical and hospital expenses. Had the request been limited to the case brought by the wife, it might have been proper. The general charge as given instructed the jury, without any qualification, that if they found that the defendant was negligent and his negligence was a proximate cause of the accident and injury, or if they found that the defendant was negligent and that the driver of the truck in which Mrs. Arvidson was riding was also negligent, and that the negligence of each of the drivers concurred proximately to

cause the accident, then in either such case the jury should return a verdict in favor of plaintiff in both actions. In another portion of the charge the court instructed the jury not to consider the effect of the intervention by the insurance company. There was no error in refusing to give the request.

The other request was to instruct the jury that Albert Arvidson was legally liable for the medical and hospital expenses, and that if the jury found that Mrs. Arvidson was entitled to recover then her husband was entitled to recover for all such expenses. For reasons already stated, it was not error to refuse this request.

■ Misconduct of counsel is claimed on account of statements at the opening of the trial that two named insurance companies had an interest in the case. The court at that time instructed the jury to disregard any statements made except the statement that the two companies named might have some interest in the case. The jurors were then asked by a question directed to the entire panel whether any juror was interested in either of the two companies named. We find no misconduct shown.

■ It is urged that the verdicts were the result of passion and prejudice and that a new trial should have been granted on that ground. This is based on the fact that during the trial the defendant was permitted to show, as already pointed out, that the Travelers Insurance Company had paid the medical and hospital expenses for Mrs. Arvidson and had paid compensation to her, as insurer of her employer, under the workmen's compensation law. But it appears that before plaintiffs rested their case there was an agreement and stipulation made between counsel for the insurance company and counsel for plaintiffs and defendant that the insurance company should intervene. Counsel for the insurance company asked the court to permit it to intervene and stated it had been agreed and stipulated that the insurance company had made the payments before referred to and remained liable to pay all further medical expenses and compensation provided by the workmen's compensation law. The court, pursuant to this stipulation, allowed the insurance company to intervene. Plaintiffs' counsel does not

challenge the stipulation, but urges that, as part of the evidence as to payments by the insurance company had already been admitted over his objection, he was constrained to consent to the stipulation and intervention. So far as this evidence and stipulation concerned the payment of medical and hospital expenses, it was proper as against Albert Arvidson. So far as it concerned payment of other compensation, it must be deemed to have been consented to by plaintiffs under this stipulation. There is no sufficient showing of passion or prejudice.

■ The sufficiency of the evidence to sustain the verdicts is challenged. Mrs. Arvidson was injured by being precipitated or thrown out of the cab of the truck being driven by her coemploye in the service of the laundry company, when the truck driver suddenly and sharply turned the truck to the left to avoid colliding with defendant's car while defendant was making a left turn at a street intersection. She was thrown onto the pavement in front of defendant's car and suffered serious injury. There was no collision between the cars. The defendant's car was stopped immediately and did not come in contact with or injure Mrs. Arvidson. The truck careened across the intersection and some 40 feet down the intersecting street and came to a stop against the curb. Both cars came to the intersection from the same direction, the truck traveling some distance in the rear of defendant's car but going at a greater rate of speed, so that it caught up with defendant's car at the intersection. The negligence of the truck driver is conceded.

The grounds of negligence alleged in the complaints against the defendant are: (1) That the defendant suddenly made a left turn at this intersection without giving any signal therefor; (2) that he did not approach the intersection in the lane of traffic nearest the center of the street on which he was traveling, but approached and came into the intersection near the curb on his right side of the street; both grounds, if proved, being violations of the road law. The court clearly stated these two grounds of negligence to the jury and instructed them that if they found defendant negligent on either or both of these grounds and such negligence a

proximate cause of the accident then they must find a verdict in favor of both plaintiffs. No other ground of negligence was submitted.

The truck driver testified that defendant gave no signal and that he approached the intersection, not in the lane of travel near the center of the street, but along near the curb on the right. He is corroborated to some extent by a witness who was driving in a car some distance in the rear of the truck. Mrs. Arvidson testified that she had a, recollection of falling out of the truck but remembered none of the circumstances. Defendant testified clearly and positively that he approached the intersection in the proper lane of traffic near the center of the street and that he gave the proper signal for a left turn. His negligence was clearly a question of fact for the jury. There are no conclusive circumstances nor any conclusive evidence to establish negligence as a matter of law, and no such preponderance of the evidence in favor of plaintiffs as to justify us in disturbing the verdicts. We agree with the opinion of the trial court, stated in its memorandum, that the jury simply came to the conclusion that the driver of the truck alone was responsible for the accident and that defendant was free from negligence. Had the jury believed that defendant was negligent, they would have been obliged under the court's charge to return a verdict for plaintiff in each case.

Plaintiffs' counsel argues that defendant was negligent as a matter of law in failing first to look and see that the turn could safely be made before turning to the left. That ground of negligence was not pleaded, not raised at the trial, and the court was not requested to submit it to the jury and did not submit it. The question was not presented on the motion for a new trial. It cannot be raised for the first time here. State ex rel. Pope v. Germania Bank, 103 Minn. 129, 114 N. W. 651; Klinkert v. Streissguth, 145 Minn. 336, 177 N. W. 363; First Nat. Bank v. National Liberty Ins. Co. 156 Minn. 1, 194 N. W. 6, 38 A. L. R. 380; Schlecht v. Schlecht, 168 Minn. 168, 209 N. W. 883; D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766. That aside, the evidence was not such

as to require the court so to instruct or to require the jury to find defendant negligent on that ground.

There being no prejudicial or available errors in the trial or submission of the issue of defendant's negligence, the verdicts of the jury on that issue in defendant's favor, being sustained by the evidence, should end the case. Chase v. Tingdale Bros. 127 Minn. 401, 149 N. W. 654; Mathwig v. M. St. P. & S. S. M. Ry. Co. 145 Minn. 429, 177 N. W. 643; Vandeventer v. Nelson, 180 Iowa, 705, 163 N. W. 354.

We have found nothing in the cases cited in plaintiffs' brief in serious conflict with the conclusions reached and do not deem it necessary to go into an analysis of the cases.

Orders affirmed.

