## City of Paris v. Carr.

(Decided March 1, 1938.)

RAYMOND CONNELL for appellant.

A. H. BARKER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Mrs. Sarah F. Carr has recovered judgment against the city of Paris in the sum of $775 as damages for injuries alleged to have been sustained as a result of a fall caused by stepping into a hole in the sidewalk along Vine street. The city is appealing.

As grounds for reversal it is argued: (1) That the court erred in not sustaining appellant's motion for a directed verdict; (2) that instruction 6 given was erroneous; (3) that the court erred in refusing to give instruction A offered by appellant; and (4) that the verdict is flagrantly and palpably against the evidence and excessive.

The evidence of appellee is in substance that while walking on the sidewalk along Vine street on the night of August 24, 1935, she stepped into a hole in the sidewalk and was thereby caused to violently fall upon the pavement sustaining injuries from which she continues to suffer pain. The evidence of herself and others is to the effect that she sustained bruises on her left knee and elbow and on her forehead; that prior to her alleged injuries she did all her housework and took in work, such as washing, ironing, and sewing, but since she fell has been unable to do any work. There is ample evidence tending to show there was a hole in the sidewalk, some witnesses stating that it was about five inches in depth and of considerable size and that it has been there for some years. Under the evidence, the court was authorized to submit to the jury whether the city authorities knew, or in the exercise of ordinary care could have known, of the alleged dangerous defect in the sidewalk; and it is also at once obvious that appellee's evidence otherwise was sufficient to take the case to the jury.

Instruction No. 6 complained of, and which was

given over the objections of appellant, fixed the measure of damages. The principal complaint directed at this instruction is that it authorized a finding for permanent impairment of appellee's power to earn money in addition to such sum as the jury might believe from the evidence would reasonably compensate her for pain she had suffered or would continue to suffer as a result of her alleged injuries. A physician, who was called and treated appellee four days after the injury, testified that he saw bruises or slight abrasions on the knee and elbow but did not note any on the forehead. He found her systolic blood pressure to 220 and the diastolic blood pressure to be 110, and that her heart was enlarged. He advised her to go to bed on account of high blood pressure, which she did, and in the course of some months her blood pressure was materially reduced but was still considerably above normal. He testified that he attributed the reduced blood pressure to the rest she had taken. Other physicians testified to the high blood pressure and enlargement of the heart, and the evidence of medical experts conduces to show that these conditions were of long standing and existed prior to the time appellee claims to have fallen. There is no positive evidence by medical experts that appellee sustained any permanent injuries as a result of her fall. One physician who examined her in January, 1936, in reply to a hypothetical question stated in effect that if in the fall she sustained injuries to the heart, nerves, etc., such injuries might be permanent. But it will be seen that this is inference and speculation based upon inference and speculation. If appellee merely suffered as a result of her fall the slight bruises testified to, a jury might well have concluded that a much smaller sum would have compensated for such injuries. It is therefore apparent that in the absence of evidence to authorize a finding for permanent injuries, such instruction was calculated to mislead the jury and to result in a verdict for a larger sum than otherwise would have been given.

In her petition appellee prayed for damages for injuries in the sum of $7,000, and pleaded special damages in the way of medicine, etc., in the sum of $73. It is complained that instruction No. 6 authorized a finding for $7,073 without any reference to the special damages pleaded and when only a portion of such dam-

ages pleaded was sustained by proof. It is manifest that in the circumstances the instruction was not prejudicial and would not authorize a reversal because of this defect but on another trial should be corrected so as to conform with pleading and proof.

Concerning the third ground urged for reversal, it might be said that every defense made by pleading and proof should be submitted to the jury, but instruction A offered by appellant was embodied in substance and effect in an instruction given. What we have already said virtually disposes of the fourth ground argued for reversal and renders further discussion unnecessary.

For the reasons indicated the judgment is reversed, and the cause remanded for a new trial and proceedings consistent with this opinion.