### Pendergrass v. Salyer.

March 7, 1944.

J. L. Stidham and Roscoe C. Bach for appellant.

Kash C. Williams, O. J. Cockrell, and G. C. Allen for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Tom Salyer obtained a judgment for $600 against G. C. Pendergrass in an action wherein he sought to recover $1,500 for pain and suffering and permanent impairment of his power to earn money as a result of injuries which he alleged he received in a collision between a trailer attached to the appellant's car and his automobile. Both parties were driving in the same direction, and the appellee said the trailer sideswiped his car as the appellant passed him, thereby causing him to lose control of his car and causing it to run off the left-hand side of the road about 100 feet from where the collision was said to have occurred. The testimony of one of the passengers in the appellee's car supported his version of the accident. The appellant's testimony, which was supported by that of several persons who were riding in his car, showed there was no collision, and that the appellee's car traveled about 135 steps before it ran off the road after he passed him.

It is earnestly insisted a peremptory instruction should have been given in favor of the appellant. While we are of the opinion the evidence greatly preponderates in his favor, we can not bring ourselves to the conclusion the appellee's evidence amounted to no more than a scintilla. We are confronted with his clear-cut statements, and those of a passenger in his car that the trailer struck his car. There was also evidence showing the trailer was weaving as the appellant came down the highway, and that the hubcap on the right wheel of the trailer was missing, though the appellant said it had been off for some time.

We are of the opinion, however, that objection is well taken to the fourth instruction, which authorized a finding for permanent impairment of the appellee's power to earn money as the result of the injuries he

received when his car wrecked. Salyer said his arm, nose, face and one hand were hurt, and that his arm and nose were not in the same condition at the time he testified as they were before he was injured. He showed some scars to the jury. He said he was treated for three weeks and three days by a Dr. Hoge, but Dr. Hoge did not testify, and the record does not show whether the appellee lost any time from his work. Indeed, he made no claim for loss of time in his petition. While he said he had not been able to work as well as he did before he was injured, he was making $52 a week at the time he testified; whereas he had been making from $7 to $15 a day loading coal before he was injured, when he worked. He said also he suffered pains in his head and arms, and "I can still tell it in my nose and arms." Obviously, Salyer made out no case for damages for the permanent impairment of his power to earn money. The instructions should have been limited to mental and physical suffering. Southeastern Telephone Co. v. Payne, 253 Ky. 245, 69 S. W. (2d) 358; Southeastern Greyhound Lines v. Davis, 290 Ky. 362, 160 S. W. (2d) 625; Cincinnati, New Orleans & T. P. Ry. Co. v. Dority, 292 Ky. 461, 166 S. W. (2d) 996.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.