## H. & S. Theatres Co. v. Hampton.

Oct. 26, 1945.

James E. Quill for appellant.

R. Howard Smith for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Appellee, Mrs. Florence Hampton, recovered a judgment of $12,000 against appellant, H. & S. Theatres Company, for personal injuries sustained when a seat in its theatre in Newport gave way while she was attending

a show as a paid admission and threw her to the floor. Only two grounds are urged for reversal of the judgment: (a) the verdict is excessive; (b) erroneous instructions.

Mrs. Hampton was attending the show with her husband, who was seated next to her. A few moments after she took this particular seat the bottom gave way and she fell fourteen inches to the concrete floor of the theatre, landing in a sitting position with her feet and legs under the row of seats in front of the one she was occupying. The petition alleged that Mrs. Hampton received painful and permanent injuries to her spine and coccyx, and she sought to recover $30,000 in damages.

Appellee's evidence is to the effect that she suffered greatly as the result of this fall and that she is now, and has been since the accident, under the care of a physician, and that her suffering has been continuous; that she is highly nervous, has lost weight, her hair has turned gray since her injury, and that she is unable to do her housework or to engage in social activities requiring any exertion, such as dancing, hiking, fishing, etc. Her symptoms are wholly subjective and none of the examinations made by three physicians (one of whom, Doctor Edward Hermann, was her personal physician) disclosed any objective symptoms; nor did any of the X-rays taken of her back or coccyx show any injury.

When asked how long he thought his patient, Mrs. Hampton, should continue treatment, and whether she would definitely improve, Doctor Hermann replied, "I can't very well tell. I can't tell you how long she will be sick, but from her past progress I will say some little time.

"Q. Is it permanent? A. I think I would have to speak with reservations but probably it is. * * *"

Doctor John L. Pythian and Doctor Sidney Lange (the latter an X-ray specialist) testified definitely that Mrs. Hampton's injury was not permanent. Doctor Lange gave it as his opinion that she was only suffering from "litigation neurosis."

The rule in this jurisdiction is that when a verdict for personal injuries is so large that it can be sustained only if the injuries are permanent, there must be positive and satisfactory evidence of permanency, Louisville &

N. R. Co. v. Gregory, 279 Ky. 295, 130 S. W. 2d 745, 749, and the many authorities therein cited. There is no doubt but that $12,000 in this case is so large that it can not be supported unless the injuries are permanent, and in this record there is no positive and satisfactory evidence that Mrs. Hampton is permanently injured. An incident strongly pointing to the fact that the verdict does not reflect the deliberate conclusion of the jury based upon a fair consideration of the evidence, but rather upon passion and prejudice, is that body in addition to the $12,000 awarded her as compensation for her injuries, gave appellee $3,000 "to compensate plaintiff for doctors' bills, medical expenses, X-rays and *incidental expenses*" (our emphasis), when the instruction limited the recovery for doctors' bills and medical expenses to $99.42. On motion of plaintiff the court granted a remittitur damnum of this $3,000 and did not include it in the judgment.

The court erred in instructing on permanent injuries since we have many times written that the testimony of expert or professional witnesses that there is a *possibility or probability* of permanency of the injuries is not the positive and satisfactory type of evidence required to take the case to the jury on that question. Consolidated Coach Corporation v. Eckler, 248 Ky. 309, 58 S. W. 2d 582, and the authorities there cited.

The instructions are subject to criticism as to their form. They set out at length and minutely each separate injury claimed to have been suffered by appellee, which in effect gives undue prominence to her evidence. Greenway v. Watson, 268 Ky. 745, 105 S. W. 2d 848. Nor do they tell the jury in clear terms that before appellee can recover they must believe from the evidence that her injuries and damages must be the direct and proximate result of her fall. In the first instruction the duty of appellee is combined with the measure of damages, which makes the instruction rather confusing. Blending separate and distinct legal propositions in the same instruction is bad form and it is much better practice to incorporate each proposition in a separate instruction. Stanley's Instructions to Juries, sec. 12, p. 18. We suggest that on another trial the court follow some approved form of instructions in personal injury cases, any number of which may be found in Chapter 27, beginning on page 379, of Stanley's Instructions to Juries.

The judgment is reversed for proceedings consistent with this opinion.