## Sedlock v. Trosper (two cases).

May 7, 1948.

Astor Hogg for appellant.

H. H. Owens, D. B. Smith and Ray O. Shehan for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

These two cases were tried together below, have been appealed on the same record and will be disposed of in one opinion.

Esta Marie Trosper, nine year old daughter of James T. Trosper, was struck and injured by an automobile driven by Joe Sedlock. The accident happened on Main Street in Lynch, Kentucky, about 4:00 p. m. on October 9, 1946. The child was returning home from school and had alighted from a bus which had stopped on the righthand side of the street. She passed in front of the bus and started to cross the street to her home when she was struck by the automobile which was traveling in the same direction as the bus. She suffered compound fractures of both bones of her left leg above the ankle. She brought an action by her father as her next friend to recover damages for her injuries, and her father, James T. Trosper, brought an action to re-

cover medical and hospital bills in the amount of $880.00 and for the loss of time from his work while waiting on his injured child and for the value of nursing and other services rendered by him and his family in the amount of $500.00. The jury returned a verdict for Esta Marie Trosper in the sum of $5000.00 and a verdict for James T. Trosper in his action in the sum of $500.00, and judgments were entered accordingly. The defendant, Joe Sedlock, has appealed from both judgments. He seeks a reversal in the Esta Marie Trosper case because the instructions are erroneous and the verdict is excessive.

The principal complaint of the instructions is that they authorized a recovery for the permanent impairment of the plaintiff's power to earn money after she reaches the age of 21 years, when there was neither allegation nor proof that her injuries are permanent. The petition, after charging general negligence in the operation of the automobile, alleged that the defendant "struck said Esta Marie Trosper therewith, breaking one of her legs, injuring her internally and externally in her head, body and other limbs from which she then and there and ever since has suffered great physical pain and mental anguish and from which she will hereafter suffer, as a direct and proximate result of said negligence and injury, for the remainder of her life, and all to her damage in the sum of $10,000.00." The petition does not allege specifically that the injury is permanent, but it does allege that the plaintiff will suffer great physical pain and mental anguish for the remainder of her life. This is another though awkward way of saying the injury is permanent. The pleadings are sufficient to entitle appellee to an instruction on permanent impairment of earning power, but appellant's contention that the proof is insufficient for that purpose is sound. The child's father testified that three physicians, Dr. Payton, Dr. Pelzy and Dr. Evans, waited on her. None of them testified in the case, but the following statement of Dr. Payton was read to the jury:

"Ester Trosper, White female, age 9, Daughter of James Trosper, Lynch, Kentucky, was admitted to Lynch Hospital October 9th, 1946, with a compound fracture of left tibia and fibula lower 1/3rd.

"Fractures were reduced and held in place with bone plate. She was discharged 12-2-46. Readmitted 1-5-47, and bone plate from tibia was removed,—discharged 1-7-47. These are dates of admissions and discharge and what was done."

The testimony relied on to show that the injury is permanent is the following from the direct examination of Esta Marie Trosper:

"Q. Tell the jury whether or not you have any trouble with that place now, you have shown the jury? A. Yes, sir; I have trouble with it; it hurts sometimes.

"Q. When does it hurt? A. When I play too much.

"Q. When you walk on it and stand on it?

"Court: When does it hurt you? A. When I play on it and walk on it."

She testified on September 22, 1947. In Billiter & Shurtleff Coal Co. v. Luster, 301 Ky. 17, 190 S. W. 2d 683, Luster, a coal miner, was injured by a fall of slate on May 7, 1943, and testified on March 30, 1944, that in the accident his right shoulder was dislocated, his right foot and right hand were mashed and strained and that he still suffered pain. It was held that the evidence did not warrant an instruction on permanent injury, but that the error was not prejudicial in view of the small verdict, $500.00. In Pendergrass v. Salyer, 296 Ky. 866, 178 S. W. 2d 828, Salyer recovered a judgment for $600.00 in an action for damages for injuries received in an automobile accident. He testified that his arm, nose, face and one hand were hurt, that his arm and nose were not in the same condition at the time he testified as they were before he was injured, and that he still suffered pain. The judgment was reversed because the instructions authorized a finding for permanent impairment of the appellee's power to earn money. The Court said:

"* * * Obviously, Salyer made out no case for damages for the permanent impairment of his power to earn money. The instructions should have been limited to mental and physical suffering."

Here the verdict is so large it can not be said the

jury was uninfluenced by the instruction on permanent injury. There was no medical or other testimony that the wounds had not healed or that a good union of the bones had not been obtained. The slight evidence relied upon by appellee is insufficient to warrant an inference that the injury is permanent and that her power to earn money after she reaches her majority will be impaired. In Herndon v. Waldon, 243 Ky. 312, 47 S. W. 2d 1047, 1049, a jury returned a verdict for the plaintiff for $4000.00 for injuries which included a broken or dislocated pelvis bone. The judgment was reversed because the instructions authorized the jury to return a verdict for damages for permanent impairment of plaintiff's power to earn money. In the opinion it was said:

"* * * Permanent injuries, for which a recovery may be had in actions of this character, are those that are reasonably certain to be followed by permanent impairment to earn money, or producing permanent and irremedial pain, and to authorize a recovery for such permanent impairment there must be positive and satisfactory evidence thereof. Otherwise, the jury would be permitted, like the witnesses testifying to it, to invade the field of speculation, and in many instances base its verdict upon unsubstantiated facts which might later turn out to be wholly unfounded. In the absence of such proof, the other elements of recovery are sufficient to amply compensate for the injuries sustained by the particular plaintiff in the way of mental and physical pain, their probable duration, loss of time, hospital and physicians' fee, and any other allowable temporary element; and if they are to be augmented by the character of permanent injury for which compensation may be had, it should be made to clearly appear that such permanent impairment existed, or the evidence bearing thereon should be of such a nature as to render it reasonably certain that plaintiff was so permanently injured."

Other cases to the same effect are H. & S. Theatres Co. v. Hampton, 300 Ky. 677, 190 S. W. 2d 39; Harlan Fruit Co. v. Kilbourne, 280 Ky. 511, 133 S. W. 2d 730; City of Paris v. Carr, 272 Ky. 378, 114 S. W. 2d 474; Chesapeake & O. R. Co. v. McCullough, 230 Ky. 478, 19 S. W. 2d 1076.

In Instruction No. 1 the court told the jury that it was the duty of the driver of the car to sound the horn when necessary. There was no evidence that the horn was not sounded and it was not claimed there was a breach of duty in this respect. On another trial, if the evidence is the same, this part of the instruction should be omitted.

It is argued that the court should have granted the defendant's request for an instruction on sudden appearance, because the injured party suddenly and unexpectedly ran in front of or into the car, but this theory of the defense was presented adequately by the instruction on contributory negligence. Straughan's Adm'r v. Fendley, 301 Ky. 209, 191 S. W. 2d 391; Dixon v. Stringer, 277 Ky. 347, 126 S. W. 2d 448.

Appellant insists that the verdict is excessive, but, since the judgment must be reversed and the evidence on another trial may be different, we do not pass on that question.

### James T. Trosper Case

In this case the instruction on the measure of damages is criticized. The instruction reads:

"If you find for the plaintiff, James T. Trosper, you will award him such a sum in damages, as you may believe from the evidence was the reasonably fair value of the medical and hospital treatment of his daughter, Esta Marie Trosper, not to exceed on that account $696.00; and for such sum, if any, as will reasonably compensate James T. Trosper for the loss of time, if any, as he was required to lose in giving care and attention to Esta Marie Trosper, not to exceed the sum of $197.70 on that account. And your verdict in all should not exceed the sum of $1077.70."

James T. Trosper was an employee of the United States Coal & Coke Company which maintained the hospital at Lynch where the Trosper child was treated, and during his employment Trosper had contributed the sum of $3.80 a month for medical services and hospitalization. The only expense paid or incurred by him by reason of his child's injury was $1.55 a day during the time the child was in the hospital for a private room for her to occupy. All other services and medicines

were furnished without expense to him. Over the defendant's objection the plaintiff was permitted to prove that the reasonable value of the medical services rendered the child was $300.00 and that the regular fee for a room in the hospital was $6.00 a day. In an action for personal injuries the reasonable value of necessary medical services and hospitalization is an element of damage, but recovery may be had only if the plaintiff has paid for such services or has incurred liability therefor. Bartlett v. Vanover, 260 Ky. 839, 86 S. W. 2d 1020; Hall v. Proctor Coal Co., 236 Ky. 813, 34 S. W. 2d 425; Arvidson v. Slater, 183 Minn. 446, 237 N. W. 12; Wicks v. Cuneo-Henneberry Co., 319 Ill. 344, 150 N. E. 276; Nelson v. Pauli, 176 Wis. 1, 186 N. W. 217; Drinkwater v. Dinsmore, 80 N. Y. 390, 36 Am. Rep. 624. Cf. Columbia Amusement Co. v. Rye, 288 Ky. 179, 155 S. W. 2d 727. These are special damages and their recovery is purely compensatory. The appellee incurred no expense as a consequence of the injury to his child other than the extra $1.55 a day for a private room and the instruction should have limited recovery for the hospital services to that item. Appellee testified that he was a coal miner earning $13.18 a day and that he missed 15 shifts while he was waiting on or nursing his daughter. The court in the instruction on the measure of damages erroneously permitted him to recover for lost time at the rate of $13.18 a day. The generally recognized rule seems to be that in an action of this kind a parent may recover the reasonable value of the care or attendance rendered by him to the child as a result of the injury. The amount recoverable is not the amount of wages or salary lost by the parent, but is the amount for which reasonably competent nursing and attendance by others could have been obtained. Davern v. Bridgeford, 13 Ky. Law Rep. 971; 15 Am. Jur., Damages, section 140. Note in 128 A. L. R. 701.

The judgment in each case is reversed, with directions to grant appellant a new trial.