## Crumbaugh et al. v. Roberts.

February 18, 1949.

440

Bradley & Bradley for appellants.

Fred Lisanby for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Reversing.

This is an automobile accident case in which a jury awarded appellee $1,000 damages. Appellants appeal on two grounds: (1) They were entitled to a peremptory instruction, and (2) Instruction No. 6 was erroneous.

The accident occurred about 9:30 p. m. Christmas Eve, 1946, approximately 1½ miles west of Georgetown on the Frankfort Pike (U. S. 60). George Crumbaugh (hereinafter designated "appellant") was operating a 1937 Chevrolet, owned by his wife, proceeding toward Georgetown. Appellee was approaching from the opposite direction in a 1935 Dodge sedan. Appellant had been following for some distance a large truck loaded with tobacco. He said that just before the accident he was about four car lengths behind this truck. After the latter passed through a culvert, it struck the rear door handle of appellee's automobile, swinging it around in the road. Almost immediately thereafter the left front of appellant's automobile collided with the left front of appellee's, breaking down the front wheels of both vehicles on that side.

Appellee's claim is based on the theory that appellant was operating his wife's automobile on the wrong side of the road. Appellant's contention is that the negligence of the truck driver, or appellee, or both, caused the initial collision which forced appellee's automobile into appellant's pathway on his right side of the road. The truck and its driver unfortunately disappeared.

Appellant insists all of the evidence, and particularly the physical facts with respect to the positions of the cars after the collision, shows clearly he was not at fault. It may be the evidence preponderated in his favor. However, appellee testified appellant "came around to my side of the road like he was aiming to pass the

truck when he came through this culvert.'' His wife testified substantially the same. These witnesses also stated that when appellee's car was knocked around in the road by the truck, it was not moved over the center line of the highway.

While the proof strongly suggests the accident was caused by the truck's operation and not appellant's negligence, there is direct evidence to the contrary. It is more than a scintilla, and even though the volume of evidence may preponderate in appellant's favor, the issue of fact is properly for the jury's determination. See Pendergrass v. Salyer, 296 Ky. 866, 178 S.W. 2d 828. Appellant was therefore not entitled to a peremptory instruction.

The Court gave the following Instruction No. 6:

''The court further instructs the jury that if you believe from the evidence that the collision of the car of Stewart Roberts and that of the Crumbaughs, was due to the negligence and carelessness of the unknown driver of the truck proceeding immediately in front of the Crumbaugh car, at the time and place thereof, and not to any negligence or carelessness on the part of Stewart Roberts, then the law is for the said Stewart Roberts and George Crumbaugh and Virginia Crumbaugh on the counterclaim of both Alice Virginia Crumbaugh and George Crumbaugh, and upon the petition of Jean Leigh Kirk against Stewart Roberts, and you will so find and on the petition of Stewart Roberts.''

The cryptic objective of this instruction was apparently to advise the jury that if the negligence of the unknown truck driver was the sole cause of the accident, an award of damages should not be returned in favor of any parties to the action. Appellants had offered Instruction No. D clearly embodying this thereon. It was withdrawn when it appeared the Court would give its substance in Instruction No. 6. While the instructions were being read, the Court made two interlineations which resulted in the issue assuming the form quoted above. Appellee in his brief argues that appellants did not properly object and except but the Bill of Exceptions shows otherwise.

This instruction went to the heart of the case. There

was abundant evidence the sole cause of this accident was the negligence of the truck driver. The Court should have instructed on this point as appellant requested, and when doing so, should have advised the jury correctly. The instruction as given is utterly meaningless. It was certainly confusing to the jury and probably misleading. This case being a very close one on the facts, we cannot ignore it nor say that giving it in the quoted form was not prejudicial. We think this error requires a reversal of the case.

For the reasons stated, the judgment is reversed with directions to grant appellants a new trial and for proceedings consistent herewith.