**Hubert TAYLOR, Appellant,**

v.

**J. R. JENNISON et al., Appellees.**

Court of Appeals of Kentucky.

May 20, 1960.

Nichols & Nichols, Earle M. Nichols, Madisonville, for appellant.

Gordon, Gordon & Mills, Madisonville, for appellees.

CLAY, Commissioner.

This case involves an intersection automobile collision in the City of Madisonville. The plaintiff appellees recovered judgment for personal injuries and property damage against defendant appellant totalling $5,000. Most of the issues raised on appeal by defendant are little short of frivolous and involve alleged errors which could not have been prejudicial. See CR 61.01.

The first contention is that the court should have required the property damage insurer of one of the plaintiffs to be made a party. This insurer had a "loan agreement" similar to those considered in Ratcliff v. Smith, Ky., 298 S.W.2d 18, and

Aetna Freight Lines v. R. C. Tway Co., Ky., 298 S.W.2d 293, 62 A.L.R.2d 480. These cases are decisive of the questions raised.

■■ The next contention is the trial court erroneously permitted the plaintiffs to prove a traffic regulation ordinance of the City of Madisonville which had not been pleaded. This ordinance was introduced to show that the street on which defendant's automobile was traveling was a "stop" street. While it may be necessary to plead an ordinance which is the basis of a cause of action, it need not be pleaded if introduced on the issue of negligence. Illinois Central Railroad Company v. McGuire's Administrator, 239 Ky. 1, 38 S.W.2d 913. There really was no issue in the case as to whether or not this particular street was a "stop" street.

■ Defendant next contends he was entitled to a directed verdict because there was no proof he was the driver of the automobile involved in the collision. (He admitted ownership.) There was ample direct and substantial evidence that he was the driver in spite of a different story told by him.

Defendant objected to the testimony by a policeman that there was a "stop" sign at the intersection. As before mentioned, there was no issue about this matter, and this evidence simply confirmed the regulations of the ordinance.

Defendant's final contention is that practically every one of the instructions was erroneous. Several objections relate to the property damage claim and the ordinance question, both of which we have discussed. Other objections, even if well taken, relate to non-prejudicial matters. We find no reversible error on the original appeal.

By cross appeal plaintiffs raise a question which is being presented more and more often in personal injury actions for negligence. It is, whether or not the plaintiff may recover medical and hospital expenses for which he will be reimbursed or which have been paid under a hospitalization or medical expense insurance policy. In this case hospital expenses in the amount of $397.50 were incurred by the plaintiffs but were paid by insurance companies under Blue Cross and White Cross policies. The trial court refused to submit to the jury this item of damages, basing its ruling on Sedlock v. Trosper, 307 Ky. 369, 211 S.W.2d 147, 13 A.L.R.2d 349.

■ The general rule recognized in other jurisdictions is that damages recoverable for a wrong are not diminished by the fact that the injured party has been wholly or partly indemnified for his loss by insurance (to whose procurement the wrongdoer did not contribute). 15 Am.Jur., Damages, Section 201 (page 617); 25 C.J.S. Damages § 99, p. 647; 13 A.L.R.2d 355. For additional cases see 1960 A.L.R.2d Supplement Service. We are convinced this rule is sound, particularly since there is no logical or legal reason why a wrongdoer should receive the benefit of insurance obtained by the injured party for his own protection. It is a collateral contractual arrangement which has no bearing upon the extent of liability of the wrongdoer.

Sedlock v. Trosper, 307 Ky. 369, 211 S.W.2d 147, 13 A.L.R.2d 349, has been cited as laying down a rule at variance with that recognized by the foregoing authorities. We are somewhat doubtful of the soundness of the implications that may be drawn from that case. See Hudson v. Lasuras, 95 U.S. App.D.C. 16, 217 F.2d 344. However, it is not controlling authority here.

■ It was there recognized that the reasonable value of hospital and medical services could be recovered if the plaintiff "has incurred liability therefor." The plaintiff in the present case had incurred the obligation for hospital expenses. These were proper damages he could claim from defendant. The fact that by virtue of insurance contracts he was indemnified for these expenses could not be invoked in mitigation of damages for defendant's benefit. See Grey-

hound Corporation v. Dowling, Ky., 334 S.W.2d 259. The trial court incorrectly denied plaintiff the right to recover this item of damages.

' The judgment is affirmed on the original appeal and reversed on the cross appeal for consistent proceedings.