Mont CONLEY, Appellant,

v.

Velton FOSTER, Appellee.

Court of Appeals of Kentucky.

May 20, 1960.

Joe Hobson, Prestonsburg, for appellant.

Burnis Martin, C. P. Stephens, Prestonsburg, for appellee.

CULLEN, Commissioner.

The appellee, Velton Foster, was injured in a collision of his automobile with the truck of the appellant, Mont Conley. Upon trial of his action for damages Foster recovered judgment in accordance with a verdict for $3,000. Conley has appealed, asserting a multitude of alleged errors.

Foster's testimony was that as he was driving up a hill on a public highway, Conley backed his two-ton truck onto the highway from a parked position on the right shoulder and proceeded to back or roll down the hill in Foster's traffic lane. This occurred when Foster was only some 30 feet away. Foster was unable to turn off the road to his right, because there were other cars parked there, and he could not turn into the left traffic lane because there was a car approaching in that lane. He brought his car to a stop and Conley's truck backed or rolled into him.

Conley testified that at no time was he parked off the road, nor did he ever roll or back down the hill; that he simply was driving slowly up the hill and the Foster car, traveling at a high rate of speed slammed into the back of his truck.

Conley maintains that he was entitled to a directed verdict (and to judgment notwithstanding the verdict) on the theory that the "physical facts" established that the accident was caused solely by Foster's negligence. The only physical facts he points to are that the vehicles came to rest in the right lane, and that the front of the Foster car was wedged under the back of the truck. These facts are in no way inconsistent with Foster's version of how the accident happened. We think the case clearly presented a jury question.

Conley next contends that he should have been granted a new trial because of error in Instruction No. 1. We find this contention to be meritorious.

Instruction No. 1, which was the only one covering Conley's duties, is as follows:

"It was the duty of the defendant, Mont Conley, in the operation of his two-ton truck, before backing his truck onto the blacktop portion of the highway, to look out down the highway in the direction from which plaintiff, Velton Foster, was approaching, if he was then approaching in sight of the defendant, and not to back out onto said blacktop portion of the highway until he could do so with reasonable safety to vehicles then approaching from the rear of his truck and to give a signal by extending his arm out the left window before stopping on the highway. If you believe from the evidence in this case that defendant, Mont Conley, failed to perform any one or more of the duties above described and further believe from the evidence that as a direct and proximate result of such failure, if any there was, the plaintiff was caused to run into the rear of the defendant's truck and sustain injuries to his person and his automobile, the

law is for the plaintiff and you will so find. Unless you so believe you will find for the defendant, Mont Conley."

■ The error complained of is that the instruction *assumes* Conley was backing his truck onto the highway. We think the objection is well taken. While the latter part of the instruction conditions a finding of liability upon belief by the jury that Conley failed to perform any of the duties set out, and upon belief that such failure, "if any there was," was a proximate cause of the accident, the duties are predicated upon an assumption that Conley was backing out, and the instruction does not leave to the jury the question of whether he was backing out, but only the question of whether he violated the stated duties *as* he backed out.

The defendant made a specific objection to the instruction, pointing out the error, and the court could easily have made the necessary correction.

■ There is ample authority for the proposition that an instruction is erroneous if it assumes or has the appearance of assuming an essential fact concerning which there is disputed evidence. See Silver Fleet Motor Express v. Gilbert, 291 Ky. 696, 165 S.W.2d 541; Louisville & N. R. Co. v. Slusher's Adm'r, 217 Ky. 738, 290 S. W. 677; Payne v. Wallace's Adm'r, 197 Ky. 551, 247 S.W. 705; Stanley's Kentucky Instructions to Juries, Vol. 1, sec. 25, pp. 47 to 51.

The error must be considered prejudicial because the main question in issue was whether Conley was backing out, as claimed by Foster, or was merely proceeding along the road in a normal manner. The instruction had the appearance of deciding this question in favor of the plaintiff.

We are reversing the judgment, with directions for a new trial, because of the error in Instruction No. 1. The appellant asserts numerous other errors, some of which do not have sufficient merit to warrant discussion, and others of which relate to matters that may not arise upon another trial. However, three of the claimed errors do require some mention.

■ In his original complaint the plaintiff sought recovery only for property damage, medical and hospital expenses, and impairment of earning power. By an amended complaint, filed more than one year after the day of the accident, he asked damages also for pain and suffering. The appellant maintains that this latter claim was barred by limitations. However, CR 15.03 clearly provides that an amendment of this nature relates back to the date of the original pleading, for limitation purposes. See Clay, CR 15.03.

The trial court refused to permit the defendant to show that the Welfare Fund of the United Mine Workers had reimbursed the plaintiff for the medical expenses for which he sought recovery. It is claimed that this was error, and that the plaintiff should not be entitled to recover for these expenses. This raises a troublesome question.

In Sedlock v. Trosper, 307 Ky. 369, 211 S.W.2d 147, 13 A.L.R.2d 349, it was held that a mine worker could not recover medical and hospital expenses for his injured daughter, from a person who had negligently caused the injuries, where the medical and hospital services were furnished by a hospital maintained by the worker's employer under a plan by which each worker contributed a monthly sum from his wages. The court said that "recovery may be had only if the plaintiff has paid for such services or has incurred liability therefor."

Seven years later, in McGregor v. Mills, Ky., 280 S.W.2d 161, 163, 53 A.L.R.2d 753, it was held that a negligently injured woman could recover for medical and hospital expenses, notwithstanding that her husband's labor union would assume the expenses. The court made no mention of the Sedlock case and simply said, "The evi-

dence showed, however, that the medical bills were still unpaid at the time of the trial." Apparently the court considered that the woman had "incurred liability" so as to make the expenses recoverable under the test stated in the Sedlock case.

In Taylor v. Jennison, Ky., 335 S.W.2d 902 we are holding that an injured person who carries hospitalization or medical expense insurance may recover hospital and medical expenses from the tortfeasor who injured him, although he has been or will be reimbursed for those expenses by the insurance carrier. The Taylor opinion questions the soundness of the Sedlock case, but distinguishes it on the ground that in the Taylor case the plaintiff had incurred liability for the expenses.

We are constrained now to face squarely the question of whether the Sedlock case is sound.

There appear to be only two possible arguments against permitting a negligently injured person to recover, from the tortfeasor, medical or hospital expenses which the injured person has not or will not be compelled to pay out of his own pocket. One would be that since he has not been subjected to any expense, he has not been damaged. However, in the medical and hospital insurance cases, and in the welfare fund cases where the employe has paid a monthly contribution out of his wages, the injured person has been subjected to expense in the nature of premium payments. Furthermore, if someone has been compelled to pay medical or hospital expenses on behalf of the injured person, it would seem that the tortfeasor should be liable to someone for those expenses. His only concern is that he not be required to pay twice.

■ The second argument would be that the injured person is not the real party in interest. However, we think that where the expenses have been incurred on his behalf, and particularly where he has paid premiums or wage contributions to secure the payment of the expenses, his interest is sufficient to make him the real party in interest. It is true that in cases where there has been an *assignment* of the claim to the insurer, the assignee is held to be the real party in interest. See Louisville & N. R. Co. v. Mack Mfg. Corp., Ky., 269 S.W.2d 707; Works v. Winkle, 314 Ky. 91, 234 S.W.2d 312. It is possible that this rule also may extend to *contractual subrogation* cases. But it has not been extended in this jurisdiction to cases of equitable subrogation.

■ The Sedlock case is contrary to the weight of authority. See Annotation, 13 A.L.R.2d 355. It is our opinion that it is not sound, and we hereby expressly overrule it, to the extent that it holds that recovery may be had only if the plaintiff has paid for the services or incurred liability therefor. We now hold that in the absence of an assignment or express contractual subrogation the injured person may recover medical and hospital expenses incurred on his behalf, at least where the expenses are paid pursuant to an agreement based upon the payment of premiums or contributions by or on behalf of the injured person.

■ The final contention we must consider is that the trial court erred in admitting evidence as to the condition of the brakes on the defendant's truck, particularly testimony that when the motor was not running the vacuum booster would not work, and without the booster the brakes were inadequate. The appellant argues that there was no evidence that the motor was not running, and that in any event the condition of the brakes had nothing to do with the accident.

The evidence as to the brakes had some possible relevancy in that it might tend to corroborate the plaintiff's testimony that the truck was rolling or backing down the hill. Accordingly, we think it was admissible. However, we suggest that upon

another trial a specific admonition be given as to its limited purpose.

The judgment is reversed, for proceedings in conformity with this opinion.