**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant,**

v.

**Gladys Moore SCOTT, Administratrix of the Estate of Richard Moore, Deceased, Appellee.**

Court of Appeals of Kentucky.

June 21, 1968.

Rehearing Denied Oct. 25, 1968.

Charles S. Adams, Covington, James M. Terry, E. W. Herde, Louisville, for appellant.

John J. O'Hara, O'Hara, Ruberg & Cetrulo, Howell W. Vincent, Joseph C. Healy, Covington, for appellee.

**48**

DAVIS, Commissioner.

Richard Moore was struck and killed by a boxcar or cars being switched by the appellant railroad. His personal representative obtained verdict and judgment for $30,795. The railroad appeals, asserting that the decedent was guilty of contributory negligence as a matter of law. No other basis for reversal is advanced.

The decedent, with his female companion, parked his automobile about 7:30 p. m. when it was still daylight on Distillery Alley in Covington. Distillery Alley is a private thoroughfare running substantially north and south and is entered from Eighth Street on the south or Pike Street on the north. Decedent's car was parked heading north in a marked parking area. The marked parking spaces were for reserved parking in connection with persons having business with a distillery situated on the west side of the alley. It was proven that the general public customarily used the parking area and that this fact was well known to the operatives of the railroad.

Immediately adjacent to the alley on the east was a concrete curbing eighteen inches wide. The curbing was four inches above the surface of the alley. Just east of the curbing were side tracks of the railroad. The curbing was about ten inches higher than the level of the tracks, and the nearest rail was about two feet from the curbing.

Decedent and his companion returned to the parked car after darkness had fallen; the woman got into the car on the left or driver's side preparatory to driving, and the decedent walked around the front of the automobile and stepped upon the curbing as he prepared to get into the car on the passenger's side next to the track. Four boxcars had been shunted into the siding by being pushed by a locomotive which was severed from the cars at Eighth Street. The cars were unlighted and rolling slowly at about two miles per hour. No member of the train crew attended the cars as they rolled northwardly toward a bumping post near Pike Street. Decedent's companion testified that decedent was on the curbing and had just opened the car door when she felt a shuddering of the car and saw decedent being pinned between the boxcar and the automobile door. She testified positively that decedent was on the curbing all of the time and that none of his body extended into the track bed area. There were marks along all four of the boxcars indicative of their contact with the car door. The door of the car was folded by the impact, and decedent's body was rolled along until it fell off the right front fender in front of the automobile. She also said that she had not heard the approaching boxcars and that no signal or other sound had emanated from them prior to the accident. She said that the area was dark and visibility was not good.

Some of the crew members of the train testified that it was unsafe for a trainman to ride on the west side of boxcars being switched along that track because of the "very close clearance" between the track and automobiles parked along Distillery Alley. There was evidence reflecting that the decedent was generally familiar with the area and had parked by the track in Distillery Alley on other occasions.

Based upon evidence of the railroad's failure to keep a lookout, provide lights and other warning devices, coupled with the finding that the general use of the area by the public was well known to the railroad's employees, the trial court peremptorily instructed the jury that the railroad was negligent at the time of the accident at issue. The appellant railroad does not complain of this ruling, nor is it challenged in any respect. The remaining question is whether the proven facts impel a finding that the decedent was, as a matter of law, guilty of contributory negligence so as to preclude recovery in behalf of his estate. (The trial court submitted the issue of decedent's contributory negligence by an unassailed instruction.)

The appellant relies heavily upon Hensley v. Braden, 262 Ky. 672, 91 S.W.2d 34. That opinion was discussed in Louisville & N. R. Company v. Blevins, Ky., 293 S.W. 2d 246, 250. The same facts which distinguished Hensley v. Braden, supra, from Louisville & N. R. Company v. Blevins, supra, distinguish the Hensley case from the present one. Indeed, it appears to us that the rationale of Louisville & N. R. Company v. Blevins, Ky., 293 S.W.2d 246, fairly governs the case at bar and sustains the ruling of the trial court in submitting the issue of contributory negligence to the jury rather than finding, as a matter of law, that the decedent was guilty of contributory negligence.

In the Blevins case, a moving automobile operated by Mrs. Blevins was struck by a locomotive of the railroad as the locomotive was being backed on a side track without light, signal, or warning of its approach. In Blevins there was a berm or strip between the concrete street paving and the nearest rail of the side track. The public used the berm as a part of the roadway, and this was known to the railroad. It was held in Blevins that the court had properly submitted to the jury the issue of the railroad's negligence, but the railroad strongly contended that a directed verdict should have been granted to it because of the plaintiff's contributory negligence. In disposing of that contention we said in Blevins:

"We come to the question of whether or not the plaintiff was guilty of contributory negligence as a matter of law.

"First, the evidence does not justify the argument that the plaintiff had jerked her car in such a way as to throw the back end in front of the locomotive.

"The appellant argues the appellee assumed the risk of being struck by a train when she drove upon its right of way. There is no doubt that a licensee on or near railroad tracks assumes *such risks as are reasonably to be apprehended from the reasonable and proper use of the railroad by its owner*." (Emphasis added.) Id. 293 S.W.2d 249, 250.

In our view the critical question at hand is whether the decedent, in the exercise of ordinary care, must have apprehended the danger to him considering the reasonable and proper use of the railroad. In weighing this issue, it must be recalled that the area in question was customarily, frequently, and regularly used for the parking of automobiles. The curbing had the appearance of a narrow sidewalk. There is no showing that decedent left the curbing area. Hence, it may be that the automobile door intruded the track area adjacent to the curbing, but there is no fact in this record which would require a finding that the danger in opening the automobile door was so readily apparent as to make it obvious. It seems to us that the position of the decedent immediately prior to the fatal collision was not one in which the danger to him was patent. On the contrary, we believe it was a jury issue as to whether decedent's conduct in the circumstances of this accident comported with the conduct of an ordinarily prudent person under the same or similar circumstances.

In Cincinnati, N. O. & T. P. R. Company v. Owsley, 191 Ky. 661, 231 S.W. 210, 212, it was reiterated: "The question of contributory negligence is usually for the jury. It is only when the evidence leaves no room for differences of opinion among reasonable men that it becomes a matter of law for the court." In Owsley there was a collision between a train and a buggy stopped alongside the tracks. The court declined to find the plaintiff guilty of contributory negligence as a matter of law, albeit the opinion notes that the plaintiff was entitled to go to the jury under the last clear chance doctrine in any event.

The numerous decisions dealing with accidents at grade crossings are not controlling in the circumstances at bar, and we refrain from detailed analysis of such

**50**

cases cited by appellant. It is plain that greater duty and more ready apprehension of danger are chargeable to one undertaking to cross a railroad than fall upon a person alongside the railroad but not on the traveled right of way. We cannot say that the decedent was guilty of contributory negligence as a matter of law.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.

MONTGOMERY, J., dissents.