KELLYGUARD SECURITY SERVICES, INC., Mid-City Shopping Center, Inc., Bowlanes, Inc., Mid-City Mall, Inc., and Eight Ball Billiard Club, Inc., Appellants,

v.

James Daniel CHURCH and Anthony Bowman, Appellees.

KELLYGUARD SECURITY SERVICES, INC., Appellant,

v.

James Daniel CHURCH, Mid-City Shopping Center, Inc., Anthony Bowman, Bowlanes, Inc., Mid-City Mall, Inc., and Eight Ball Billiard Club, Inc., Appellees.

Court of Appeals of Kentucky.

Jan. 13, 1978.

Rehearings Denied April 14, 1978.

Discretionary Review Denied
June 27, 1978.

Guy E. McGaughey, Jr., Louisville, for Mid-City Shopping Center, Inc., Bowlanes, Inc., Mid-City Mall, Inc., and Eight Ball Billiard Club, Inc.

Edward H. Stopher, William P. Swain, and Thomas H. Watson, Boehl, Stopher, Graves & Deindoerfer, Louisville, William S. Bowman, Stiles & Miller, Louisville, for Kellyguard Sec. Service, Inc.

Larry B. Franklin, Louisville, for James Daniel Church.

Hector E. Rose and Frank Haddad, Jr., Louisville, for Anthony Bowman.

Before HOWARD, REYNOLDS and WILHOIT, JJ.

HOWARD, Judge.

This is an appeal from the Jefferson Circuit Court wherein a jury trial was had and the jury awarded damages in favor of plaintiff-appellee, James Daniel Church, for the total sum of $540,141.21. The liability was apportioned between the named defendants in the following manner:

| | |
|---|---|
| Anthony Bowman | 00.50% |
| Mid-City Mall | 49.75% |
| Kellyguard Security Service, Inc. | 49.75% |

Both defendant-appellant, Kellyguard Security Services, Inc. (hereinafter referred to as Kellyguard), and defendants-appellants, Mid-City Shopping Center, Inc., Bowlanes, Inc., Mid-City Mall, Inc., and Eight Ball Billiard Club, Inc. (hereinafter collectively referred to as Mid-City Mall or when appropriate, individually by name), filed separate statements of appeal against plaintiff-appellee, James Daniel Church (hereinafter referred to as Church).

Kellyguard filed a later appeal, No. CA–1221–MR, against Church, on an order amending the judgment, which appeal is to be heard with the instant appeal.

Church attempted to file a cross-appeal, No. CA–1075–MR, against Mid-City Mall and Kellyguard. By order dated June 21, 1977, the statement of facts, questions of law and argument contained in Church's cross-appeal were stricken.

Two of the errors are raised in both the briefs submitted by Kellyguard and Mid-City Mall and will be discussed first. These errors are the failure to give an instruction to the jury on the contributory negligence of Church; and the errors in the instructions consisting of five alternative verdicts, which both parties say did not allow the jury to find solely against one party, but required apportionment.

In *Heathcoate v. Bisig*, Ky., 474 S.W.2d 102 (1971) the court makes this observation at page 104:

. . . As a matter of fact, it might be argued that Bisig and the other customers were all negligent in not fleeing the premises at the first sign of battle, but that issue was not raised and is not before us.

In *Heathcoate, supra*, the victim of the beating was first knocked out of his chair

by the assailant and, after some interval of time, suffered a beating at the hands of the assailant and two other men. Clearly, the victim in *Heathcoate, supra,* had some fore-warning that these assailants were antago-nistic and was therefore, perhaps, contribu-torily negligent by not leaving the premises. In the present case, according to one ver-sion of the incident, Church was asked by Bowman to break up the fight in progress. Although Church may have assumed the risk that he would suffer a beating, we do not feel he was contributorily negligent in not leaving and thereafter being shot by his fellow "peacemaker". Although the ques-tion of contributory negligence is ordinarily one for the jury, when the evidence leaves no room for difference of opinion among reasonable men, it becomes a matter of law for the court. *Louisville & Nashville Rail-road Company v. Scott,* Ky., 432 S.W.2d 47 (1968).

The duties of Kellyguard, Bowman and Mid-City Mall were set out in the instruc-tions to the jury. One of the verdict forms submitted to the jury reads as follows:

We, the jury, find the following defendants to be substantial factors in contributing to the in-juries of the plaintiff and apportion their lia-bility in the following percentages:

| | |
|---|---|
| Bowman | _____% |
| Mid-City Mall | _____% |
| Kellyguard | _____% |

Another verdict form allowed the jury to find for all of the defendants and against the plaintiff, and another verdict form al-lowed the jury to find defendant Bowman solely responsible for the injuries to the plaintiff.

■ The jury was given the option of finding for Church and awarding him dam-ages, and then further apportioning the lia-bility between the defendants. By placing a zero by any defendant, the jury could have exonerated that defendant from any liability. In *S. W. Corum Hauling, Inc. v. Tilford,* Ky., 511 S.W.2d 220 (1974), the court, at page 224, states: "The verdict form did not expressly require apportion-ment; at the worst it was merely suscepti-ble of being construed as so requiring." We think that a reasonable jury understood it had an option not to find each and every

defendant liable to Church. We feel there is no reversible error in the instructions heretofore mentioned.

Kellyguard has failed to preserve for this appeal its objections to the instructions con-cerning the definition of ordinary care. CR 51(3).

■ We will next discuss the claimed er-ror by Kellyguard in that the instruction stated that it was Kellyguard's duty to pro-vide security for the entire Mid-City Mall, and in effect, directed a verdict against Kellyguard. The court's instruction as to the duty of Kellyguard reads as follows:

It was the duty of the defendant, Kelly-guard, at the time and place concerning which you have heard evidence to guard the customers of Mid-City Mall in a dili-gent and reasonably skillful manner. This duty included the duty of the de-fendant, Kellyguard and its servants, to go into the posts, if any, assigned by its customer, Mid-City Mall, and to make the patrols, if any, requested by its customer, Mid-City Mall, and to observe the terms of its contract with reference to the qual-ifications of its guards employed by Kel-lyguard to guard the premises of Mid-City Mall including its pool room.

If you believe from the evidence that the defendant, Kellyguard, failed to exercise any one or more of the duties imposed upon it by this instruction and that such failure, if any, was a substantial factor in causing the shooting and injuries to the plaintiff, James Daniel Church, concern-ing which you have heard evidence, then you will find for the plaintiff against Kellyguard; but unless you so believe you will find for defendant, Kellyguard.

Conflicting evidence was presented by Kellyguard and Mid-City Mall as to Kelly-guard's duty to provide a guard in the poolroom at the time Church was shot. We believe that the effect of this instruction was to tell the jury that Kellyguard did have a duty to guard Church at the time and place that the shooting occurred.

We feel that this instruction is erroneous since it assumes or has the appearance of assuming an essential fact about which there is conflicting or disputed evidence.

*Conley v. Foster*, Ky., 335 S.W.2d 904, 906 (1960). We are therefore reversing this case for a new trial.

We note, in passing, that insufficient evidence was presented to pierce the corporate veil and group the four corporate defendants, Mid-City Shopping Center, Inc., Bowlanes, Inc., Mid-City Mall, Inc., and Eight Ball Billiard Club, Inc., together as joint defendants under the heading Mid-City Mall.

The issue raised in appeal No. CA–1221–MR, styled *Kellyguard Security Services, Inc. v. James Daniel Church, et al.,* has been rendered moot by the decision in this appeal.

This case is reversed and remanded for a new trial.

All concur.