CASE 62.—ACTION BY MARY J. HICKLIN AND OTHERS AGAINST THE ILLINOIS CENTRAL R. R. CO. FOR VALUE OF HOUSE BURNED BY SPARKS FROM ENGINE.—January 27.

## Illinois Central Ry. Co. v. Hicklin

Appeal from Crittenden Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

1. Railroads—Fires—Action for Damages—Evidence—Other Fires —Admissibility.—In an action against a railroad company for negligently permitting sparks to escape from a locomotive resulting in the destruction of a house, plaintiffs could show that other locomotives of the company at other times had emitted sparks and ignited logs and grass along the right of way.

2. Parties—Insurance—Subrogation.—One who has negligently burned another's property cannot rely on insurance carried by the owner to defeat liability for such negligence; insurer not standing in the relation of joint tort-feasor with the wrongdoer.

3. Parties—Plaintiff—Real Party in Interest—Rights of Defend-

ant.—Civil Code Practice section 18, requiring every action to be prosecuted by the real party in interest, except as provided in section 21, did not preclude owners of insured property from suing a railroad company for negligently burning it, on the theory that insurer was the real party in interest, since the company is not shut out from proper defense and counterclaim and is protected by the judgment against any other claim on the same cause, since it is not concerned with equities between the owners and insurer, and since a judgment for the owners precludes insurer from suing the company.

BLUE & NUNN and TRABUE, DOOLAN & COX for appellant.

(No brief in record for appellant.)

CARL HENDERSON and A. C. MOORE for appellees.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The wrongdoer has no right to the benefits of the insurance, and can not rely either in full or protanto as a defense on the insurance money received by the owner of the property from his insurance.

2. Payment to the owner by an insurance company or the amount of his loss does not bar the right against another originally liable for the loss.

3. It is no defense to an action by the owner of the property against the wrongdoer that the owner has received satisfaction from the insurance company, the insurer does not stand in the relation of a joint tort feasor with the trespasser. (Anderson, &c., v. Miller and wife, 31 L. R. A. (Tenn.) 604; Perrott v. Shearer, 17 Mich 48; Hart v. Western R. Corp., 13 Metc. (Mass.) 99; Mathews v. St. Louis, &c., 121 Mo. 298; Am. & Eng. Enc. of Law, 304 (Old Ed.); Mutual Fire Ins. Co. v. Bosher, 63 Amer. Dec. 618.)

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Charging that their house in Marion, Crittenden county, Kentucky, had been destroyed by the negligence of the Illinois Central Railroad Company in

permitting sparks to escape from its engine and alight thereon, plaintiffs, Mary J. Hicklin and others, instituted this action against the railroad company to recover damages in the sum of $1,100. The jury returned a verdict in favor of plaintiffs in the sum of $650. From the judgment based thereon, this appeal is prosecuted.

A reversal is asked upon two grounds. First, the admission of incompetent evidence; second, error of the court in sustaining a demurrer to the second paragraph of defendant's answer.

1. The incompetent evidence complained of was to the effect that other trains of appellant, at other times than on the night of the fire, had permitted live sparks and cinders to escape from their locomotives, and had set fire to logs and grass along the right of way. The admissibility of such evidence is no longer an open question. In a long line of decisions this court has held in favor of its admissibility. Chesapeake & Ohio R. R. Co. v. Richardson, 99 S. W. 642, 30 Ky. Law Rep. 786; C., N. O. & T. P. Ry. Co. v. Falconer, 97 S. W. 727, 30 Ky. Law Rep. 152; Kentucky Central R. R. Co. v. Barrow, 89 Ky. 638, 20 S. W. 165, 6 Ky. Law Rep. 250; Illinois Central R. R. Co. v. Scheible, 72 S. W. 325, 24 Ky. Law Rep. 1708.

2. Appellant's main ground of reversal is the action of the court in sustaining a demurrer to the second paragraph of its answer, which is as follows: ''For further answer defendant says that plaintiff's house was insured in the Citizens' Fire Insurance Company of Missouri for the sum of $700, as it is informed, which was the full value of said house, and that plaintiffs have received pay from said insurance company in the sum of $700 on account of said fire, which sum fully repaid the plaintiffs for any loss they sustained

by reason of said fire, and the defendant now says that if said fire was caused by any negligence or carelessness upon the part of defendant, for which it is liable, which it denies, said Citizens' Fire Insurance Company is entitled to recover for same, instead of these plaintiffs, and it pleads and relies upon the said payment to the plaintiffs by said insurance company in bar of plaintiff's right to recover herein." It is the contention of counsel for appellant that, upon the payment of the loss by the insurance company, it was immediately subrogated to the rights of the property holders and became the real party in interest, and that under the provisions of section 18 of the Civil Code of Practice, requiring every action to be prosecuted in the name of the real party in interest, except as provided in section 21, the insurance company, alone, was entitled to recover from the railroad company.

The law is well settled that a wrongdoer has no right to the benefits of the insurance, and can not rely either in full or pro tanto on the defense that the owner of the property had been previously paid by the insurance company. Payment to the owner by an insurance company of the amount of his loss does not bar the right against another originally liable for the loss. The insurance company does not stand in the relation of a joint tort-feasor with the party through whose negligence the property is destroyed. Anderson, etc., v. Miller, etc., 96 Tenn. 35, 33 S. W. 615, 31 L. R. A. 604, 54 Am. St. Rep. 812; Perrott v. Shearer, 17 Mich. 48; Hart v. Western R. Corporation, 13 Metc. (Mass.) 99, 46 Am. Dec. 719; Matthews v. St. Louis, etc., 121 Mo. 298, 24 S. W. 591, 25 L. R. A. 161; Am. & Eng. Eucy. of Law (1st Ed.), vol. 24, p. 304; Rockenham Mutual Fire Insurance Co. v. Bosher, 39

Me. 253, 63 Am. Dec. 618. In the case of Anderson, etc., v. Miller, etc., supra, the rule is thus stated: "The question of who will be entitled to the proceeds of the recovery, the insured or the insurer, is a matter between them, and constitutes no defense to an action for damages caused by the wrong, which in any event must be brought in the name of the owner and insured, although it might be brought for the use of the insurer." Chief Justice Cooley, in discussing the same question, in the case of Perrott v. Shearer, supra, said: "He (the defendant) is found to be the wrongdoer, and he can not relieve himself from responsibility to account for the full valuation (of the goods), except by restoring them. He has no concern with any contract the plaintiff may have with any other party in regard to the goods, and his rights or liabilities can neither be increased or diminished by the fact that such a contract exists. He has no equities as against the plaintiff, which can entitle him, under any circumstances, to an assignment of the plaintiff's policies of insurance. The accidental destruction of the goods in his hands was one of the risks he ran when the trespass was committed, and we do not see how the law can relieve him from the consequences. If the owner keeps his interest insured, he can not be held to pay the money expended for that purpose, for the interest of the trespasser. He already has a right of action for the full value of the goods, and he does not give that away by taking a contract of insurance. For the latter he pays an equivalent in the premium, and is therefore entitled to the benefit of it, if any benefit results. The trespasser pays nothing for it, and is therefore justly entitled to no return."

As we understand appellant's position, however, it is not that the payment by the insurance company con-

stitutes a defense in favor of appellant, but that appellant was entitled to litigate the question with the insurance company, which was the real party in interest, and that appellant's answer was therefore good as a plea in abatement. The availability of this plea depends altogether upon the question: Who was entitled to sue—the party holding the legal title, or the insurance company, which, upon the payment of the insurance, was subrogated to the rights of the property owner? In 30 Cyc. p. 78, the rule is thus stated: "After some vacillation, the courts of the Code States have very generally rejected or refused to adopt the doctrine that beneficial ownership is necessary for a standing as real party in interest. Without denying that beneficial ownership is sufficient, in connection with the corresponding cause of action, the prevailing view now entertained by these courts recognizes the legal title also as sufficient. The sounder view is rather that it is enough to entitle plaintiff to maintain the action, as real party in interest, if he has the legal title to the demand, and defendants will be protected in a payment to or recovery by him. A third person, not a party to the action, may, it is true, be entitled to claim from plaintiff a portion of the fruits of the action. or all its fruits, as the case may be; but as against the defendant a plaintiff is the real party in interest if he has and shows the complete legal title to the cause of action asserted, so that he can legally discharge the defendant from his obligation." Manley v. Park, 68 Kan. 400, 75 Pac. 557, 66 L. R. A. 967; Allen v. Brown, 44 N. Y. 228; Eaton v. Alger, 47 N. Y. 345. But defendant's right to object is limited by the purpose of the statute, and its evident purpose is not to allow defendant to demand the adjudication of equities which exist wholly between plaintiff and third

persons. Giselman v. Starr, 106 Cal. 651, 40 Pac. 8; Elmquist v. Markoe, 45 Minn. 305, 47 N. W. 970; Allen v. Brown, 44 N. Y. 228. So far as the defendant is concerned, the purpose of the statute is fully attained if, in the suit as brought, defendant is not shut out from his proper defense and counterclaim and will be fully protected by the judgment, whether for or against plaintiff, in the event of any other claim on the same cause. Los Robles Water Co. v. Stoneman, 146 Cal. 203, 79 Pac. 880; Greene v. McAuley, 70 Kan. 601, 79 Pac. 133, 68 L. R. A. 308.

In the case at bar the defendant did not ask that the insurance company be made a party to the action. It may be that, as between plaintiffs and the insurance company, the latter would be equitably entitled to the damages that plaintiffs recovered. The fact, however, that a third party might be entitled to the damages as between him and plaintiffs, is not suffiicient to bar the right of action by the plaintiffs. The legal title to the property destroyed was in the plaintiffs. As between the plaintiffs and the defendant the former were the real parties in interest. It is immaterial to the railroad company what may be the equities between the plaintiffs and the insurance company. All that it can demand is that a judgment in favor of the plaintiffs will be a complete defense to any further action for the same cause. In our opinion the judgment in favor of plaintiffs is conclusive, and no action can now be maintained against the railroad company by the insurance company. Any right of action the insurance company may have is against the plaintiffs. For the reasons given, the trial court did not err in sustaining a demurrer to the second paragraph of defendant's answer.

Judgment affirmed.