## Monson v. Payne, Agent, etc.

## Smith & Earlywine v. Same.

(Decided May 8, 1923.)

## Appeals from Bourbon Circuit Court.

1. Parties—Owner Cannot, After Settlement With Tort-Feasor, Recover for Benefit of Insurer.—The owner of property destroyed by fire which he claimed was caused by the negligence of railroad cannot, in view of Civil Code of Practice, section 18, requiring an action to be prosecuted in the name of the real party in interest, bring suit in his own name for the benefit of the insurance company after he had made settlement with the railroad by accepting from it the value of his building not covered by insurance and giving the railroad a release.

2. Parties—Policy of Law Requires Suits in Name of Real Party in Interest.—It is the policy of the law as unmistakably evidenced by Civil Code of Practice, section 18, that litigants shall in their own names assert their rights in the courts, except as provided in section 21, where they are acting in fiducial or similar capacities, since otherwise a defendant might lose a right of set-off against a real party in interest, or a right to require a non-resident to give a cost bond.

3. Parties—Insurers can Become by Amendment Parties to Suit by Property Owner for Their Benefit.—Where an owner of insured property brought suit in his own name, but for the benefit of insurance companies, against a railroad which he alleged had caused the fire, the companies could prevent a dismissal of the suit because not brought in the name of the real party in interest by filing an amendment setting up the facts and making themselves parties.

4. Judgment—Judgment Against Tort-Feasor in Favor of Owner of Insured Property, After Settlement, Would not Protect Against Recovery by Insurer.—Though a judgment in favor of a property owner against a tort-feasor causing loss of property with whom no settlement had been made, would be conclusive against the right of an insurer by subrogation against the tort-feasor, it would not be conclusive if the owner had previously made a settlement with the tort-feasor, so that he could recover only for the benefit of the insurance companies, and therefore, in the latter case, the owner cannot maintain the action.

GORDON & LAURENT and F. M. DRAKE and HINTON, BRADLEY & BRADLEY for appellants.

EMMETT M. DICKSON, J. H. McCHORD and B. D. WARFIELD for appellee.

Opinion of the Court by Turner, Commissioner—
Affirming both appeals.

On and prior to the 3rd of November, 1918, appellants
were each the owners of certain tobacco barns or ware-
houses situated near the right of way of the Louisville &
Nashville Railroad Company in Bourbon county.  On
that day the barns or warehouses were destroyed by fire
because, as alleged, of the escape of sparks or coals of
fire from the passing locomotives of that company, the
negligence consisting, as alleged, in the failure of that
company to have its engines equipped with proper ap-
pliances preventing the escape of such sparks or coals.

In July, 1919, the plaintiffs filed their separate actions
in the Bourbon circuit court asking for judgment against
the Director General of Railroads then in possession and
control of the properties of the Louisville & Nashville
Railroad Company under the Federal Control Act of
Congress.

In each of the cases the Director General filed an
answer.  In one paragraph the material allegations as
to negligence are put in issue, and in another as an addi-
tional defense it is alleged that in April, 1919, at a time
when each of the plaintiffs was asserting and claiming a
liability on the part of defendant by reason of the al-
leged destruction of the property, and when defendant
was denying any responsibility or liability therefor, each
of the plaintiffs and the defendant entered into a written
agreement of compromise, settlement, satisfaction and
discharge of each of the claims sued on, and of all de-
mands and claims each of the plaintiffs had against de-
fendant.  Those written settlements so made by each
of the plaintiffs are filed with the answer as a part
thereof, and are signed respectively by the plaintiffs in
the two actions.  They each recite that the plaintiff
signing same accepts a named sum in full compromise,
settlement, discharge and satisfaction of all claims and
demands against the Director General and the Louisville
& Nashville Railroad Company on account of the de-
struction by fire of the property named.

In the Smith & Earlywine case the written settle-
ment signed is merely a receipt in full for the property
destroyed by the fire, while in the Monson case there is in
addition appended to the receipt the recital:

"That the settlement herein is without prejudice to
the rights of the Liverpool, London & Globe Insurance
Company, if any they have, against Walker D. Hines,

Director General of Railroads, Louisville & Nashville Railroad, and Louisville & Nashville Railroad Company, on account of having paid any amount to Charles Monson by reason of the destruction by fire of the property herein mentioned.''

The plaintiffs each filed a reply, in the first paragraph of which it is admitted they each executed and delivered to defendant the receipt and release referred to in the answer, but they each deny that the agreement was in compromise or settlement or satisfaction or discharge of the claim sued on, or that the sums so paid to the plaintiffs were in full settlement, satisfaction or discharge of all claims against defendant. In a separate paragraph each plaintiff avers that at the time the releases and agreements referred to were executed, and theretofore, each of the plaintiffs had collected from certain insurance companies certain sums in settlement of a claim against such insurance companies growing out of the destruction of the property referred to in the petition, and that each of the plaintiffs had executed to the insurance companies an ''article of subrogation'' whereby each plaintiff subrogated said insurance companies to his right to recover from defendant for the matters set up in the petition to the extent of the payment by such insurance companies to each of the plaintiffs, and contracted with the insurance companies to permit them to sue for and recover all such sums in the names of the two plaintiffs; and they aver that no part of either of the claims to which the insurance companies were so subrogated has been paid by defendant to the plaintiff or said insurance companies.

In each case a demurrer was sustained to these replies, and the plaintiffs refusing to plead further their petitions were dismissed, and they have appealed.

The insurance companies referred to in the replies are not parties to this action, and so far as may be ascertained from the pleadings the actions are each prosecuted not only in the names of the property owners, but for their benefit.

The only question we find it necessary to determine is whether the plaintiffs may in their own names, and apparently for their own benefit, maintain an action against a tort-feasor for damages resulting from the latter's negligence, for the use and benefit of a third party who is not a party to the action, because such third party has by reason of a contract between it and the plaintiff paid

the latter under the terms of its contract for a part of the loss growing out of the negligence of the tort-feasor, at a time when the plaintiff has already settled and adjusted with the tort-feasor his whole claim against it.

We do not find it necessary in these cases to consider at all the question of subrogation. That question is wholly between the tort-feasor and the insurance companies, and the latter are not parties to the action.

The reply confesses the settlement between the property owner and the tort-feasor, but asserts the right of the property owner to maintain the action for the benefit of the insurance companies, although the latter being the real party in interest, is not a party to the action.

Section 18 of our Civil Code provides:

"Every action must be prosecuted in the name of the real party in interest, except as is provided in section 21."

Section 21 provides:

"A personal representative, guardian, curator, committee of a person of unsound mind, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, a receiver appointed by a court, the assignee of a bankrupt, or a person expressly authorized by statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted."

It seems clear that none of the exceptions provided for in the last quoted section of the Code have any application to the facts of this case. The facts appear to be that at the time appellants settled in full with the Director General they had each already received under their insurance contracts certain amounts from the insurance companies covering a part of their respective losses, and that the amounts subsequently received from the Director General represented the excess of their losses over and above the amounts received by them from the insurance companies.

So then we find the property owners, before the institution of these actions, have each received full payment for the losses resulting from the alleged negligence of the defendant, part thereof from insurance companies because of fire insurance contracts between them and such companies and the remainder from the tort-feasor alleged by them to have negligently caused the whole loss. In other words the plaintiffs from two separate and distinct sources have been made whole, and have

given to the defendant a complete acquittance of further liability to them. But they say that because in the first place they had a right of action against defendant for the whole loss, that notwithstanding the full acquittance, they may in their own names and, so far as this record shows, for their own benefit, recover from defendant the amounts which they have already received under their contracts of insurance.

It is the policy of our law, as is unmistakably evidenced by section 18 of the Code, that litigants shall in their own names assert their rights in the courts, except as provided in section 21, where they are acting in fiducial or other similar capacities. If the insurance companies want to assert any rights against appellee growing out of this fire and growing out of any indemnity they were required to pay because thereof, the courts of this state are open to them, and if they are, as seems to be assumed in the briefs, the real parties in interest, why should they not have asserted the right in the names of the pilicyholders for their own use and benefit?

It is not inconceivable that the Director General, acting for the railroad company, might have had a counter-claim or set-off of some kind or nature against one or both of the insurance companies, and if so it would very pointedly illustrate the wisdom of the Code provision requiring the institution of actions by the real party in interest.

Again, it is likely the insurance companies are non-residents, and such plaintiffs in our courts are required to execute bonds for costs, while residents of this state are not so required. Must, therefore, a defendant be required to litigate with a non-resident plaintiff who sues under cover by the use of the name of a resident, and thereby be deprived of his right to have a bond for costs? We only refer to these things to illustrate the wisdom of the Code provision, and to show its practical application.

If the insurance companies are, as contended, the real parties plaintiff and are prosecuting these actions in the name of the property owners, why should they not have, when the question was made in the trial court, filed an amendment, as they had the right to do, setting up the facts and make themselves parties? Fenwick v. Phillips, 3 Metc. 88; Neely v. Merritt, 9 Bush 346.

But it is said there is direct authority in the state of Kentucky for this mode of procedure, and we are re-

ferred to the case of I. C. Railway Company v. Hicklin, 131 Ky. 624, as sustaining that view. An analysis of that opinion, however, discloses that the plaintiff merely filed an action against the tort-feasor after having received indemnity from an insurance company on their insurance contracts, and that the plaintiff had never in any way had a settlement or compromise of their claim against the tort-feasor. The court in that case held that the original right of action was in the plaintiff who sustained the loss, and the plaintiff never having had a settlement with the tort-feasor it was immaterial to the latter what might be the equities between the plaintiff and the insurance company. The court there said a judgment in favor of the plaintiff against the tort-feasor would be a protection to the latter as against any claim of the insurance company, because the right of action was in the property owner, and the tort-feasor was not concerned with any equities that might exist between the property owner and the insurance company growing out of their contract of indemnity.

Here the situation is wholly different. The right of action which the property owners had against the tort-feasor has been extinguished by the settlement, and they no longer have the right to prosecute the same in their own names and for their own benefit, and it therefore follows that a judgment in this case in favor of the plaintiffs on a cause of action which has been extinguished by the settlement would not be a protection to the railroad company as against the insurance companies in any action the latter might institute against the wrongdoer growing out of their subrogation to the rights of the plaintiffs.

The Hicklin case is also reported in 23 L. R. A. (N. S.) at page 870 and there is a note appended to it with a great number of authorities. That note is subdivided into two headings; the first heading cites authorities to the effect that in the absence of statutes requiring actions to be brought by the real party in interest, the owner of insured property which has been destroyed by another has a right of action for such destruction, regardless of whether or not he has been reimbursed for his loss by the insurer. But the second heading goes on to say, with a citation of authorities, that under statutes requiring suits to be brought by the real party in interest it has been held that the insurer must bring the action against the wrongdoer if the whole value of the property has

been paid by it, or must be joined with the owner if only a part has been paid.

The answers in this case presented a complete defense to the judgment sought by the plaintiffs, and the reply only showed a right or equity against the defendant in a third party growing out of its contract relations with the plaintiffs and therefore the demurrers to the replies were property sustained.

Judgment affirmed.