## State Farm Mut. Auto Ins. Co. v. Hall.

Oct. 23, 1942.

Edward J. Hogan and Edwin O. Davis for appellant.

Jones, Keith & Jones for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

This action is an aftermath of a fatal automobile accident wherein the driver of the car was protected by one automobile indemnity insurance company, and the owner of the car by another. The driver's policy contained a provision insuring him while driving his own car and when driving another's car on business or pleasure with the owner's consent. The owner's policy contained a similar provision protecting not only the owner but any other person driving his car on business or pleasure with his consent. The real purpose of this litigation is to determine which of the two insurance companies is liable under the terms of their policies.

The circuit court sustained a motion to strike certain allegation from the answer; after which a general demurrer was sustained to the first and second paragraphs thereof; defendant declined to plead further; judgment was entered for the plaintiff; and defendant appeals.

The pleadings show these facts: Rex Hall had an automobile accident insurance policy with the State Farm Mutual Auto Insurance Company (hereinafter referred to as Mutual), and Ves Chancellor had a similar policy with the State Automobile Mutual Insurance Company (hereinafter referred to as State.) The State policy was issued to Chancellor on October 26, 1938, which not only protected him but also any person driving his car on business or pleasure with his permission. On May 29, 1939, the Mutual issued a rider to Hall's policy extending protection to him while driving another's car on business or pleasure with the owner's permission which provided:

"The insurance shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered hereunder."

On September 3, 1939, while both policies were in force, Hall and Chancellor went on a business trip in the latter's car which Hall drove with his consent. The car struck and killed Patrick Smith, whose administrator sued both Hall and Chancellor for $25,000 and obtained judgment for $2,500. The State policy limited that company's liability for such an accident to $5,000, while the limit in the Mutual policy was $20,000. Mutual, believing that it was liable for any judgment against Hall in excess of $5,000, defended the action for him. After verdict was returned for $2,500 and motion for a new trial was overruled, Mutual notified Hall that the State policy protected him, and withdrew from the case.

An execution was issued against Hall and Chancellor to Jefferson County with an alias to Fayette County, both of which were returned "no property found." Thereupon, State advanced Hall $2,578.61 (the amount of the judgment, interest and cost) in the form of a loan with which he satisfied the judgment. Thereafter he brought this action against Mutual upon the policy issued him, alleging that he satisfied the judgment and that Mutual was liable to him for the sum he expended in so doing.

Mutual's "answer and special demurrer by way of answer" averred the rider it issued Hall only obligated it to indemnify him against liability while driving the car of another insofar as the insurance covering that car did not protect him; that the rider afforded him only excess insurance over and above any protection he had by reason of insurance carried for his benefit by the car owner. It further averred that Chancellor's car was insured by the policy issued him by State which was in full force and effect, which not only insured Chancellor but also any person driving his car on business or pleasure with his consent in a sum not exceeding $5,000; that at the time of the accident Hall was driving Chancellor's car with the latter's consent and was fully protected by the State policy.

The court struck from Mutual's pleading the further allegation that the judgment was satisfied by a draft

drawn on and signed by State in consideration of Hall permitting it to bring this action in his name, and that Hall paid no part of the judgment, but same was satisfied in full by State under the pretense of a loan; that there was a contemporaneous agreement between State and Hall that he would not be liable for the pretended loan in the event that action terminated adversely to him, and should he succeed, all sums recovered would be entirely for the benefit of State; that no loan was made to Hall, but the judgment was satisfied by State with no right, belief or intention of recovering any sum from Hall, who had no interest whatever in this action.

Appellant insists that the judgment was satisfied by State and under Section 18 Civil Code of Practice, requiring every action to be brought in the name of the real party in interest, this action could not be brought in Hall's name; that its grounds for special demurrer under Section 92 of the Civil Code of Practice, (plaintiff had no legal capacity to sue) not showing on the face of the petition, it was necessary under Section 118 of the Civil Code of Practice for him to plead this fact in his answer, citing Holliday v. Tennis Coal Co., 215, Ky. 551, 286 S. W. 773; Utterback's Adm'r v. Hannan, 255 Ky. 425, 74 S. W. (2d) 563. It cannot be denied that this is the correct manner in which to question by special demurrer a defect of parties not shown on the face of an adversary's pleadings. Likewise, appellant is correct in his position that a person with whom an insurance company has settled a loss cannot maintain an action in his own name for the use and benefit of the insurance company. Monson v. Payne, 199 Ky. 105, 250 S. W. 799; Taylor v. Hurst, 186 Ky. 71, 216 S. W. 95.

Counsel state there are no domestic cases, and we have found none, on the question, but there are innumerable foreign cases to the effect that an insurance carrier may lend the insured an amount sufficient to cover his loss under an agreement that he will institute suit in his own name against the one causing the loss, or against another insurance carrier, for the use and benefit of the lender, and that he will be obligated to repay the loan only to the extent of his recovery in the suit; and such a transaction does not amount to absolute payment or have the effect of satisfying the insured's loss. A few of the leading cases on the subject are Luckenbach v. McCahan Sugar Ref. Co., 248 U. S. 139, 39 S. Ct. 53, 63 L.

Ed. 170, 1 A. L. R. 1522; Bradley v. Lehigh Valley R. Co., 2 Cir., 153 F. 350, 82 C. C. A. 426; First National Bank of Ottawa v. Lloyd's of London, 7 Cir., 116 F. (2d) 221, 132 A. L. R. 599; McCann v. Dixie Lake & Realty Co., 44 Ga. App. 700, 162 S. E. 869. See annotations 1 A. L. R. 1528 and 132 A. L. R. 607. These authorities point out that it is the intention of the parties to the transaction which determines whether or not it is a loan or an absolute payment.

Under the authorities just cited, the loan did not amount to a payment of the loss nor did the lender, State, become subrogated to the claim of Hall against Mutual so as to require the action to be brought in its name. It follows that the trial judge correctly struck from the answer the allegations to the effect that the loan was not genuine and was in reality a payment in full satisfaction of Hall's claim.

But the court erred in sustaining a general demurrer to what remained of the answer after the above was stricken. Mutual's policy was filed with the petition, and the answer pleaded a provision thereof which protected Hall while driving a car other than his own only in excess insurance over and above other valid and collectible insurance available to him. The answer further pleaded that provision of State's policy whereunder it protected any person driving Chancellor's car with his permission, and averred that as the judgment against Hall and Chancellor was only $2,500, the State policy covered Hall completely and that Mutual was not liable under its policy since no recovery was had against Hall in excess of State's coverage. Under a policy similar to Mutual's and under facts quite like those appearing in this record, courts of other jurisdictions have upheld the plea that an insurer occupying Mutual's position in the instant case is only liable for excess insurance. Travelers Indemnity Co. v. State Automobile Ins. Co., 67 Ohio App. 457, 37 N. E. 198; Zurich General Accident & Liability Ins. Co. v. Clamor, 7 Cir. 124 F. (2d) 717; Great American Indemnity Co. v. McMenamin, Tex. Civil App., 134 S. W. (2d) 734.

The general demurrer admitted the truth of such allegations, and as they stand they would appear to defeat recovery. While not passing on the merits of the case, nor attempting to advise counsel how it should be practiced, it is apparent that Hall must meet these alle-

gations by a reply filing State's policy as an exhibit and pleading the terms thereof upon which he relies to show that Hall was not covered by it. Hall's right of recovery depends upon Mutual being liable, and whether or not Mutual or State is liable must be determined by the provisions of their respective policies.

The judgment is reversed for proceedings consistent with this opinion.