# Works v. Winkle.
# Winkle v. Works.

November 17, 1950.

Rodney G. Bryson, Judge.

92

Orie S. Ware, James C. Ware, and Frank Grofton Ware for Works.

James R. McGarry and Ralph P. Rich for Winkle.

VAN SANT, COMMISSIONER—Reversing in first styled appeal; affirming in second styled appeal.

William E. Works, appellant in the first styled appeal, and appellee in the second, will be referred to as appellant; Ernest Winkle, appellee in the first appeal and appellant in the second, will be referred to as appellee.

In the afternoon of December 15, 1947, appellant was driving his station wagon easterly over a highway in Kenton County and appellee was driving his automobile in the opposite direction. The vehicles collided to the damage of both. Appellant instituted suit against appellee to recover damages in the sum of $1,135; $135 of which was for the loss of use of his vehicle during the period it was under repair. Appellee, by answer, denied the material allegations of the petition and by counterclaim sought to recover of appellant damages suffered to his own automobile and the loss of its use in the sum of $650. The issue was completed by reply. On the trial, verdict was rendered and, on December 1, 1948, judgment entered in favor of appellant for $700.

In due time, defendant filed motion for a new trial and in support thereof assigned several grounds, one of which is that, since the trial, appellee discovered that appellant was not the real party in interest. The motion for a new trial was overruled.

On May 6, 1949, defendant moved the court to vacate the judgment entered December 1, 1948, alleging that plaintiff had obtained the judgment by fraud committed in the following manner: although in his verified petition upon which he based his action appellant stated that he was the owner of the station wagon involved in the collision and that he had suffered damages to his vehicle in the sum of $1,000, in truth, at the time of the rendition of the judgment he had been fully paid for the damage done by a company with whom he had a contract of insurance and that the action was prosecuted for the use and benefit of the insurance company who was and is the real party in interest; that all of these facts were known to the plaintiff, and that as a result of this "fraud," the judgment rendered on December 1, 1948 was void. The issue on this branch of the case was joined, and a judgment setting aside the former judgment was entered on June 13, 1949. Motion for a new trial was filed and overruled on the following day and an appeal granted to this court. In the meantime, and within the time allowed by previous order of court, appellee prepared and filed his bill of exceptions in the original case, which was approved by the court.

Appellant has appealed from the judgment of June 13, 1949, setting aside the judgment of December 1, 1948, and appellee has appealed from the judgment entered on December 1, 1948. Although appellee has styled his appeal "cross-appeal," we will treat it as an original appeal and consolidate the two appeals in this court. We first will consider the appeal from the order setting aside the original judgment.

Section 18 of the Civil Code of Practice provides that every action with certain exceptions not applicable here, must be prosecuted in the name of the real party in interest. Section 20 of the Civil Code of Practice provides that if a chose in action is assigned during the pendency of the action, it may be continued in the name of the assignor. There was no evidence taken on the

motion to vacate the original judgment, but the pleadings in this branch of the case show that appellant was insured against collision by the United Mutual Fire Insurance Company of Boston, Massachusetts. The contract of insurance provided for the payment to the insured, in the event of collision, upset, or damage to his station wagon, the actual value of such damage not to exceed $1,800 less the initial loss in the sum of $100. By agreement of the insurer and the insured the total loss sustained by appellant to his station wagon was fixed as $900: the first $100 of which was assumed by the owner and the remaining sum of $800 paid to the owner by the insurance company. Upon the payment of the $800 to appellant, he assigned to his insurer his right to recover of the tort-feasor to the extent of $800; but he did not assign his right to recover for the initial loss of $100, or any amount he claimed against the tort-feasor in excess of $900, which in this instance amounts to the sum of $235.

Heretofore we have not been called on to determine whether or not a judgment is void because of the failure of an insured to make his insurer a party to an action for a recovery where the right to a part of the recovery has been assigned to the insurer; but such failure has been asserted as a bar to the insured's right to recover in many cases. In each such case the decision was based on the facts peculiar thereto with the result that some confusion has developed from what might appear to be, but actually are not, inconsistent rulings. In an endeavor to clarify the reasoning underlying these decisions, we have decided to discuss them in relation to each other, and, if possible, to state our position that it may be used as a guide in future litigation.

In Illinois Central Railway Co. v. Hicklin, 131 Ky. 624, 115 S.W. 752, 753, Hicklin and others instituted the action against the Railroad Company to recover damages in the sum of $1,100 for the destruction of their house caused by the negligence of the Railroad Company in permitting sparks to escape from its engine and to alight on the house. The court sustained a demurrer to the second paragraph of the answer wherein the defendant alleged that the plaintiff's house was insured with a named insurance company for the sum of $700 which was its full value, that plaintiffs had received that amount on account of the fire which sum

fully repaid the plaintiffs for their whole loss and by reason of such payment the plaintiffs' right to recover of the Railroad Company was barred. The court held that the trial court properly sustained the demurrer; and, without denying that beneficial ownership is sufficient to entitle one to sue, the court held that one having the legal title to the demand may maintain the action if the defendant will be protected in a payment to or recovery by him, even though a third party may be entitled to claim a portion of the recovery from the plaintiff. The court said: "The fact, however, that a third party might be entitled to the damages as between him and the plaintiffs is not sufficient to bar the right of action by the plaintiffs. The legal title to the property destroyed was in the plaintiffs. As between the plaintiffs and the defendant the former were the real parties in interest."

The court noted in that case that the defendant (although cognizant of the situation) did not ask that the insurance company be made a party to the action. The writer of the opinion quoted from 30 Cyc. page 78, certain language, not applicable to the case nor necessary to its decision, to the effect that the holder of the legal title could maintain the action although a third party might be entitled to all of the fruits of the action. That language, being unnecessary to the decision, was obiter dictum, for which reason and for the additional reason assigned in the opinion in Monson v. Payne (Smith & Earlywine v. Payne), 199 Ky. 105, 250 S.W. 799, the Hicklin case and the Monson-Smith cases cannot be construed to be in conflict with each other.

In the Monson-Smith cases, supra, the owners of property destroyed by fire, caused by the escape of sparks from passing locomotives, instituted the action. Previous to the commencement of the actions the property owners had received full payment for the losses, a part of which was paid by insurance companies, under contracts between them and the property owners, and the remainder by the defendant tort-feasor. The court held that since the plaintiffs from two separate and distinct sources had been made whole and had given comlete acquitance of further liability to them, they could not maintain the actions even for their insurance carriers. As we have pointed out, that decision is not in conflict with the decision in the Hicklin case, it is incon-

sistent only with the obiter dictum contained in the opinion.

In Barr v. Searcy, 280 Ky. 535, 133 S.W.2d 714, the action by Barr was instituted against the tort-feasor Searcy for $1,390.39 damages to his truck and $300 for the loss of its use. In paragraph four of the answer, as amended, the defendant pleaded in bar that plaintiff was insured against loss by reason of damage to the truck caused by the collision, and that the insurance company had paid her the sum of $1,200 in full settlement of the claim upon receipt of an assignment of the insured's rights against the tort-feasor. This court affirmed the lower court's action in sustaining the demurrer to the answer, distinguishing Monson v. Payne, supra, 199 Ky. 105, 250 S.W. 799, and relying on the Hicklin case, which the writer of the opinion observed was on all fours with the case then under discussion, because the plaintiffs' claim for loss of use of his truck theretofore had not been satisfied.

State Farm Mut. Auto Ins. Co. v. Hall, 292 Ky. 22, 165 S.W.2d 838 relied on by appellee is not in point, because the decision was based on a peculiar agreement by which the insurer merely loaned the insured the money upon agreement that it be repaid if recovered in that suit. Monson v. Payne, supra, was cited in support of an abstract statement which merely conceded, arguendo, a point made but which was not pertinent to the decision.

In Travelers Indemnity Co. v. Moore, 304 Ky. 456, 201 S.W.2d 7, Mrs. Elizabeth Frances Grundy was the owner of an automobile damaged in an accident with appellee, Randall Moore. At the time of the accident, Mrs. Grundy had a policy of insurance with the Travelers Indemnity Company whereby the latter agreed to indemnify her against loss or damage to her automobile by collision, and upon due demand and previous to the institution of the action, the appellant Indemnity Company paid her for damages to the car the sum of $848. Thereafter Mrs. Grundy instituted action against the tort-feasor to recover damages from him for personal injuries, not covered by her policy of insurance. She recovered a judgment in that action. Thereafter, the Indemnity Company sued the tort-feasor as subrogee of Mrs. Grundy for the $848 it was required to pay

its insured under the contract of insurance. Both special and general demurrers were filed to the petition, were sustained by the court, and the petition was dismissed. It appears that the court's ground for sustaining the demurrers was that the assignment to the Indemnity Company did not confer on it the right of action for damages to property, because the attempt to do so involved splitting the original cause of action inherent in Mrs. Grundy; and, since Mrs. Grundy had instituted an action against the tort-feasor for personal injuries, such action, although she did not seek to recover for property damage, was a bar to another action, either by her or her insurer, to recover further. In reversing the judgment, this Court held that an Indemnity Company has the right to sue the tort-feasor separately under its subrogation agreement, where, as there, the suit by the owner of the property had not sought to recover for so much of the claim as was assigned to the insurer.

The latest decision by this Court touching on the question, rendered May 9, 1950, is York v. Cumberland Construction Company, 312 Ky. 797, 229 S.W.2d 970. The plaintiff in that case claimed $375 for damage to his truck; $60 for damage to merchandise; $370 for loss of use of the truck, aggregating total damages in the amount of $805. In the answer, the defendant tort-feasor alleged that the plaintiff was insured and, under the policy of insurance, had been paid the amount of damages sustained by him by reason of injuries to his truck, and upon such payment had executed to the insurance company an assignment or subrogation of his right to recover for such injuries. He further pleaded that the insurance company was the real party in interest and asked that on this account the petition of the plaintiff be dismissed. It appears that the insurer paid appellant an amount representing only 80 per centum of the actual damage to the property, but paid nothing, because it was not liable, for damage to the merchandise or for loss of the use of the truck. Relying on Barr v. Searcy, supra, and Illinois Cent. R. Co. v. Hicklin, supra, we held that the insurance company was not a necessary party to the action and that the owner of the truck was the real party in interest within the purview of section 18, of the Civil Code of Practice.

We adopt the following rules from those decisions:

(1) Where an assignment of the whole cause of action has been made previous to the institution of the action, the action must be commenced in the name of the assignee, except as provided in Section 21 of the Civil Code of Practice. (2) Where the cause of action or any part of it has been assigned after the commencement of the action, under the provisions of Section 20 of the Civil Code of Practice, the action may continue in the name of the assignor, with the right but not the requirement of the assignee to intervene and assert his rights to the recovery. (3) Where only a part of a claim has been assigned before the action, the assignor may sue to recover the whole of the claim (if recovery therein will be a bar to the insurer's right of action), or the part unassigned, in which latter event the assignee may recover for the part assigned, either in the same or a separate action. (4) In no event may an assignee maintain an action for any part of a claim which has not been assigned to him.

It follows that under rule 3, supra, the Chancellor erred in his determination that a fraud had been perpetrated by appellant in securing the judgment entered on December 1, 1948 for which reason the judgment entered June 13, 1949 must be, and hereby is, reversed. This conclusion requires a review of the complaint presented by appellee's appeal from the judgment entered December 1, 1948.

Appellee's sole ground for reversal of this judgment is that the evidence was not sufficient to submit the case to the jury on the question of the negligence of the appellee. At the time and for a great distance east and west of the place of the accident the road was extremely slippery because of a deposit of ice or slush on the paved portion thereof. Appellee was aware of this condition. Appellant was travelling upgrade in an easterly direction; appellee was travelling down grade in a westerly direction. Appellee admitted that in approaching the brink of the hill over which he passed immediately preceding the accident, he was travelling at a speed of between fifteen and twenty miles per hour, and, when he started down hill, the road was so slippery that the application of his brakes did not check his progress or lower his speed; on the contrary, his car commenced skidding and was beyond

his control. This evidence alone was sufficient for the jury to infer that appellee did not observe his duty to keep his car under reasonable control or to exercise ordinary care in respect to speed commensurate with the condition of the highway over which he was travelling, Head v. Lucas, 313 Ky. 356, 231 S.W.2d 81; and, since appellee's own testimony was as favorable to him as that introduced by any other witness, we are of the opinion there was ample evidence to justify the submission of the case to the jury and to support the verdict and judgment.

The judgment entered on June 30, 1949 is reversed in the first styled appeal, the judgment entered on December 1, 1948 is affirmed in the second styled appeal.