**LOUISVILLE & N. R. CO.**

v.

**MACK MFG. CORP.**

Court of Appeals of Kentucky.

June 23, 1954.

C. S. Landrum, C. E. Rice, Jr., Lexington, Craft & Stanfill, Hazard, for appellant.

M. B. Fields, Hazard, for appellee.

CULLEN, Commissioner.

The Louisville and Nashville Railroad Company appeals from a judgment against it, in favor of the Mack Manufacturing Corporation, in the sum of $4,500, for damages to a truck-tractor of the latter corporation sustained in a collision with an L. & N. freight train at a grade crossing.

The pleadings raised the question of whether the Mack corporation was the real party in interest, by reason of the fact that all of the damage to the truck-tractor, in excess of $100, had been paid to the Mack corporation by the Employers' Fire Insurance Company, under a $100-deductible collision insurance policy, and the Mack corporation had made an assignment to the insurance company. The railroad company maintains that the written assignment actually assigned to the insurance company the entire cause of action of the Mack corporation; however, construing the language of the assignment as a whole, and taking it with the terms of the insurance policy, we think that the assignment was not intended to include the Mack corporation's cause of action for the first $100 of the loss, which the insurance company did not pay.

The situation thus presented is one in which a person suffering property damage through the alleged negligence of another has been partially reimbursed for his loss by his own insurance carrier, and has assigned part of his cause of action to the insurance carrier. The question is, whether

in such circumstances the person who suffered the loss has an unqualified right to bring action in his own name, against the alleged tortfeasor, for the entire claim.

In Works v. Winkle, 314 Ky. 91, 234 S.W.2d 312, 316, this Court endeavored to lay down some rules to determine the proper party plaintiff in cases involving assignment of tort claims. The rule governing partial assignments, before action, was stated thus:

"(3) Where only a part of a claim has been assigned before the action, the assignor may sue to recover the whole of the claim (if recovery therein will be a bar to the insurer's right of action), or the part unassigned, in which latter event the assignee may recover for the part assigned, either in the same or a separate action."

We feel the necessity to reconsider this statement of the rule.

The basic question is one of real party in interest. Section 18 of the Civil Code of Practice, which governs the case before us, required that actions be prosecuted in the name of the real party in interest. Civil Rule 17.01 contains substantially the same requirement.

■■ We think every one would agree that ordinarily the real party in interest is the person who is the beneficial owner of the cause of action sought to be prosecuted. Where the cause of action is assignable, and the entire cause has been assigned, clearly the assignee has become the owner of the cause and he is the real party in interest. Works v. Winkle, 314 Ky. 91, 234 S.W.2d 312; United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, 12 A.L.R.2d 444. In the case of a partial assignment, it should be equally clear that the assignee owns the part assigned to him, and the assignor owns the balance; therefore it would seem to follow that each would be the real party in interest as to his part of the claim, and each should sue separately. However, at this point a limitation of the

real party in interest rule enters the picture, as will presently be discussed.

■ A fundamental rule of long standing is the one prohibiting the splitting of a cause of action. Obviously, this rule is for the benefit of the defendant, in order that he may not be subjected to a multiplicity of actions arising out of the same cause. In most of our opinions prior to Works v. Winkle, 314 Ky. 91, 234 S.W.2d 312, which were reviewed and discussed in Works v. Winkle, we recognized that the rule against splitting a cause of action should be accorded more weight than the rule requiring actions to be brought in the name of the real party in interest, and we permitted the injured person to sue on the entire claim notwithstanding that an insurer actually was the owner of part of the claim. However, in Travelers Indemnity Co. v. Moore, 304 Ky. 456, 201 S.W.2d 7, the rule against splitting a cause of action was relaxed to the extent of permitting one suit by the injured person for his personal injuries, and a separate suit by the insurer-assignee for property damages sustained in the same accident.

■■ It appears to us now that the problem may best be solved by permitting the plaintiff to elect, in the first instance, under which rule he will proceed, but allowing the defendant, who is the one most concerned, the right to insist upon the application of both rules, if he so desires. Under this view, the assignor would be permitted to bring action, initially, either for the entire claim or for the part unassigned, and, where the assignor has not brought action for the entire claim, the assignee could bring a separate action for the part assigned to him or could join in the assignor's action. Where the assignor has brought suit for the entire claim (thus not splitting the cause of action) the defendant would have the right to insist upon application of the real party in interest rule, by moving that the assignee be made a party and assert his claim. In this instance the bringing of the initial action by the assignor would be deemed to toll the statute of limitations as to the assignee's

claim. Where either the assignor or the assignee has sued alone for his part of the claim only (thus splitting the cause of action) the defendant would have the right to insist that the rule against splitting the cause of action be applied, by moving that the owner of the other part of the claim be made a party and assert his claim. Likewise, where the assignor and assignee have filed separate suits, the defendant could require that the suits be consolidated. Of course, where the assignor and assignee initially join in a single action there will be no problem.

We emphasize that the failure to join originally in an action the owners of all parts of the claim sued on is not a matter of *defense,* and if for any reason the court cannot obtain jurisdiction of one of the owners whom the defendant desires be made a party, the action may proceed by the other owner for such part of the claim as he owns. (See CR 19.02)

The view we here express is not materially in conflict with the view expressed by the Supreme Court of the United States, concerning Section 17 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, 12 A.L.R.2d 444. See also Verdier v. Marshallville Equity Co., 70 Ohio App. 434, 46 N.E.2d 636.

The rules stated in Works v. Winkle, 314 Ky. 91, 234 S.W.2d 312, are qualified to the extent herein expressed.

It is our opinion that the court erred in permitting the Mack corporation to maintain action for the entire claim, over the defendant's objection. We treat the defendant's pleadings as embodying the equivalent of a motion to make the insurance company a party, and upon remand of the case the court will require that the Employers' Fire Insurance Company be made a party and assert its claim.

We expressly reserve the questions raised concerning the defendant's right to a directed verdict, and errors in the instructions. However, we will state our opinion that if the evidence is the same upon another trial, the court should give a "hazardous crossing" instruction.

The judgment is reversed, for proceedings in conformity with this opinion.