**Ballard Gene RATCLIFF, Appellant,**

v.

**Charles Worthington SMITH, Appellee.**

Court of Appeals of Kentucky.

Jan. 25, 1957.

---

Creech & Cox, C. B. Creech, Dempsey A. Cox, Ashland, for appellant.

H. R. Wilhoit, Grayson, for appellee.

MOREMEN, Judge.

This action arose out of an accident which occurred on Route U. S. 60 near Grayson. The automobiles involved in the collision were operated by appellant Ratcliffe and appellee Smith. Ratcliffe was the insured under a deductible policy issued by the Calvert Fire Insurance Company. The damage to his car was approximately $2,250. He received from the insurance company the sum of $2,000 and signed a loan receipt which contained the following language:

"Received from the Calvert Fire Insurance Company (hereinafter re-ferred to as 'Company') the amount shown above as a loan, ($2,000.00) without interest, repayable only in the event and to the extent of any net recovery the undersigned may make from any person, persons, corporation or corporations, or other parties, causing or liable for the loss or damage to the property described below, or from any insurance effected on such property, and as security for such repayment the undersigned hereby pledges to the said 'Company' all his, its or their claim or claims against said person, persons, corporation or corporations or other parties, or from any insurance carrier or carriers, and any recovery thereon, and hereby delivers to said 'Company' all documents necessary to show his, its or their interest in said property."

Thereafter appellant Ratcliffe filed a suit in his name against appellee Smith by which he sought to recover damages caused to his automobile by the collision. Smith counterclaimed for the damages to his car and moved that the insurance company be made a party plaintiff on the ground that it was a real party in interest and therefore an indispensable party. Appellant produced and filed the loan receipt referred to above, but refused to join the insurance company as a party. Whereupon the trial court sustained appellee's motion to dismiss the complaint.

The trial court apparently acted under Louisville & N. R. Co. v. Mack Mfg. Corp., Ky., 269 S.W.2d 707, wherein the owner of a truck, which had been damaged, had been paid under a $100 deductible collision policy for all damages in excess of $100 and had made an assignment of its claim to the insured. This court held that the defendant had the right to require the assignee to be made a party to the litigation because in such a case the real party in interest is the person who is the beneficial owner of the cause of action sought to be prosecuted. In the Mack Mfg. Corp. case, however, no loan agreement, such as we

have here, was involved. An outright assignment had been made. That case, therefore, is not authority for decision in a situation such as we have here.

 The courts of this country have been divided in opinion as to whether a loan agreement is in fact a loan and not a payment of loss effecting a subrogation of the insurer. In the annotation to Phillips v. Clifton Mfg. Co., 204 S.C. 496, 30 S.E.2d 146, in 157 A.L.R. 1261, the various decisions of the courts have been classified and discussed and we see no reason for reiteration because some time ago this court recognized in State Farm Mutual Auto Insurance Company v. Hall, 292 Ky. 22, 165 S.W.2d 838, that the intention of the parties to the transaction determines whether or not it is a loan or an absolute payment and indicated that if the parties treated it as a loan, so would the courts.

The question, however, was definitely settled in this state by a case decided after the instant case was tried and after counsel had filed briefs in this court. In Aetna Freight Lines, Inc. v. R. C. Tway Co., Inc., Ky., 294 S.W.2d 917, 919, where in an action by insured against a manufacturer of trailers the insurer and insured had entered into a loan agreement, such as we have here, it was held that the insured, and not the insurance company, was the real party in interest and entitled to sue for the entire amount of damage. It was said:

"While it is clear that the difference between a loan of the type under consideration and an absolute payment is mere fiction, that ground alone is insufficient to declare the transaction a nullity. Rather, we will look to the purpose of the fiction created by the parties to the transaction. It is clear the purpose of the loan agreement was to insulate Continental from a prejudice which juries frequently apply against insurance companies. Our courts have long been aware of this

prejudice, as exemplified by our decisions in personal injury cases where the element of insurance has been improperly injected.

"The purpose of our trial procedure is to secure justice in each case. There is no room in our system of jurisprudence for the operation of prejudices, whether they be against insurance companies, manufacturers, or in favor of homeless children. Hence, we cannot say an agreement which is intended to avoid the operation of an undue prejudice is against public policy * *."

The court has found no reason to depart from that precedent with the exception of Judge Cammack who is of opinion that a loan agreement is mere fiction and should be ignored. We are of opinion that the trial court improperly dismissed appellant's complaint upon his refusal to join the Calvert Fire Insurance Company as an indispensable party and the judgment is therefore reversed.