John LUTTRELL, Appellant,

v.

Francis GOINS, Appellee.

Court of Appeals of Kentucky.

Feb. 12, 1960.

Rehearing Denied April 29, 1960.

Dailey & Fowler, Frank M. Dailey, Frankfort, for appellant.

Herbert D. Liebman, Frankfort, for appellee.

STEWART, Judge.

The question raised on this appeal is: May an assignor, who owns part of a damage claim, recover the entire amount of the claim in the absence of a proper motion before trial to make the assignee of the remaining portion of the claim a party to the action?

On December 1, 1957, appellant, John Luttrell, driving an automobile, and appellee, Francis Goins, operating a truck, were involved in a collision between their respective vehicles on U. S. Highway 421 in Franklin County. Appellee sued appellant for damages and appellant counterclaimed for damages against appellee. After the pleadings were complete the deposition of appellant was taken for the purposes of discovery, and appellant, among other things, testified therein that he carried a $100-deductible collision insurance policy on his automobile and that, of the damage to his car, all except $100 had been paid by his insurance carrier. In consideration of such payment, appellant stated he had assigned all of his claim for damage against appellee to the insurance carrier, except the $100 he was obliged to pay.

Appellee did not file a motion before trial to join appellant's insurance carrier as a party. After both parties had presented their evidence, and when the lower court was preparing to instruct the jury, appellee's counsel, in the judge's chambers, objected to "Instruction No. 5", offered by appellant, which would allow the jury to find for appellant an amount not to exceed $1,140, the figure he alleged and proved was his total damage to his automobile. The ground for the objection was that appellant owned only $100 of the damage claim he asserted, having assigned the balance thereof to his insurance carrier. The trial judge reserved his ruling, gave the instruction, and the jury returned a verdict for appellant for the automobile damage in the sum of $881.

Appellee objected to the verdict and filed a motion for judgment notwithstanding the verdict, asking the court to set aside $781 of the verdict, as representing that portion of the claim assigned to appellant's insurance carrier, and, in consequence, to limit appellant's recovery to $100. The court sustained this motion and ordered that $781 of the verdict be set aside. Appellant then moved that judgment be entered in accordance with the

verdict; the trial court overruled this motion. Appellant moves for an appeal and seeks restoration of the verdict to the amount awarded him by the jury.

Appellant contends that the trial court erred in setting aside that part of the judgment representing the amount previously assigned to appellant's insurance carrier, because no motion was ever made to join the insurance carrier as a party.

Civil Rule 17.01 reads in part: "Every action shall be prosecuted in the name of the real party in interest, * * *."

In the case of Louisville & N. R. Co. v. Mack Manufacturing Corp., Ky., 269 S. W.2d 707, the assignor failed to make the assignee of a portion of the claim sued upon a party upon motion properly made prior to trial. This Court held that the assignor, Mack Manufacturing Company, having before suit transferred all but $100 of its claim to its insurance carrier, did not have an unqualified right to bring an action in its own name for the entire claim over the defendant railroad's motion to make the assignee a party.

 The opinion there held that an assignor may bring an action, initially, either for the entire claim or for the part unassigned but, where the assignor has brought suit for the whole claim, the defendant has the right to demand that the assignee be made a party and assert his claim.

In the present case, no motion was at any time entered to require the insurance carrier to be made a party. Even had such a motion been interposed after the evidence was all in, as was the situation here when the instruction in question was objected to, it would not have been seasonably entered. In Clay, CR 21, Comment 2, it is said: "The proper method of raising the question of a defect of parties is by motion to add or drop * *. The objection is waived if not promptly raised." Clearly appellee attempted, and was allowed by the trial court, to use his objection to appellant's recovery of the full amount awarded by the jury verdict as a purely defensive measure. This he had no right to do under the facts presented.

For the reasons shown the verdict should be restored to its original amount.

Wherefore, the motion for an appeal is sustained and the judgment is reversed with directions that a new one be entered awarding appellant the sum of $881.