Carl BRYAN, Appellant,

v.

**HENDERSON ELECTRIC COMPANY, Western American Insurance Company and Special Fund, Appellees.**

Court of Appeals of Kentucky.

June 2, 1978.

Robert L. Catlett, Jr., Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellant.

Brown, Todd & Heyburn, Charles S. Cassis, Stephen R. Schmidt, Louisville, for appellees, Henderson Electric Co. and Western American Insurance Co.

Gemma M. Harding, Deputy Gen. Counsel for Appeals, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for Special Fund.

Before GANT, COOPER and HOGGE, JJ.

GANT, Judge.

This action was originally brought by the appellant, Carl Bryan, the injured employee, and Electrical Workers' Welfare Fund, Local 369. The facts disclose that the appellant suffered a heart attack while in the employment of the appellee, Henderson Electric Company. The appellees refused the claim of the appellant on the ground that it was not work-related. Appellant incurred extensive medical expense, in the amount of $11,690.48, $9,903.03 of which was paid by the Welfare Fund pursuant to its plan and from funds accumulated by contributions from the employee and other members; and $1,787.45 being paid by the employee/appellant. Appellant prosecuted his claim against the employer to a successful conclusion, the Workmen's Compensation Board adjudging that the appellees shall pay "such medical, surgical and/or hospital expenses as may be reasonably required for the cure and treatment" of his condition and during his disability.

After the time for reconsideration and appeal had run, the employee and the Welfare Fund made demand for payment, the appellees refused to pay other than the sums expended by the employee, and this action was commenced. The appellees moved to dismiss the complaint of the Welfare Fund on the grounds that it had not been a party to the award made by the Workmen's Compensation Board and was therefore not a party in interest. The trial court indicated that he would sustain that motion, that he did not feel that the Welfare Fund had an interest which could be asserted in this action, and insisted that the complaint be amended so that the action was prosecuted in the name of the appellant only. After the second amended complaint was filed, the appellees paid the $1,787.45, securing a discharge of the appellant of his claim, and a summary judgment in favor of the appellees was granted thereafter.

■ Appellant insists that this action was originally brought pursuant to KRS

342.305. Appellees argue that it was not, and that such statute is available only to the injured party. We cannot agree with the appellees. The statute provides as follows: *"Any party in interest* may file in the circuit court of the county in which the injury occurred a certified copy . . . of an order or decision of the board . . The court shall render judgment in accordance therewith and notify the parties." (Emphasis ours).

The sole question to be determined by the lower court was whether the Welfare Fund was a "party in interest." Appellees urge that only the claimant before the Workmen's Compensation Board is such a party, but this is clearly not the law.

■ CR 17.01 directs that "[e]very action shall be prosecuted in the name of the real party in interest . . ." In 6 W. Clay, *Kentucky Practice*, pp. 313, 314 (3rd ed. 1974), the author comments that the assignee of a completed chose in action is a real party in interest who may sue in his own name and that since "subrogation is essentially an assignment by operation of law, the same general principle should govern," citing *Monson v. Payne*, 199 Ky. 105, 250 S.W. 799 (1923). The requisites for subrogation are usually described as (1) payment by one of the debt of another; (2) subrogee is not a volunteer; (3) the debt is not one for which the subrogee is primarily liable; (4) the entire debt must be paid unless the others who made payment are joined; and (5) subrogation must not work any injustice to the rights of others.

■ Examining the above requisites for subrogation, we find that the Welfare Fund had paid 80% of the hospital expenses of the appellant, that they were not a volunteer but were making this pursuant to contribution made to that fund by the injured party, and that the Welfare Fund was obligated to pay this medical expense only if there were no other source available to the injured party. At the outset, both the Welfare Fund which had paid 80% and the employee who had paid 20% were the joint plaintiffs in the action. Indeed, it is paradoxical that the appellees moved to strike the Welfare Fund as a party plaintiff, it being the purpose of CR 17.01 to prevent the persons liable from paying the debt more than once, and the best insurance which they could have would be to leave the Welfare Fund before the court as a party so that their interests would appear in any judgment. Nor could the appellees complain that this subrogation would work any injustice to their rights. The order of the Board directed that the employer pay all medical and hospital expense. KRS 342.020(1) further provides that the employer pay for all medical and hospital expense which may be required at the time of the injury and thereafter during disability. Neither the order of the Board nor the statute says that the employer shall pay these medical and hospital expenses unless someone else has paid them. Such an order by the Board would be in clear contravention of the statute.

The law in this Commonwealth is clearly set out in the case of *Conley v. Foster*, Ky., 335 S.W.2d 904 (1960). In this case the court stated as follows:

There appear to be only two possible arguments against permitting a negligently injured person to recover, from the tortfeasor, medical or hospital expenses which the injured person has not or will not be compelled to pay out of his own pocket. One would be that since he has not been subjected to any expense, he has not been damaged. However, in the medical and hospital insurance cases, and in the welfare fund cases where the employee has paid a monthly contribution out of his wages, the injured person has been subjected to expense in the nature of premium payments. Furthermore, if someone has been compelled to pay medical or hospital expenses on behalf of the injured person, it would seem that the tortfeasor should be liable to someone for those expenses, his only concern is that he not be required to pay twice.

The second argument would be that the injured person is not the real party in interest. However, we think that where the expenses have been incurred in his behalf, and particularly where he has

paid premiums or wage contributions to secure the payment of the expenses, his interest is sufficient to make him the real party in interest. It is true that in cases where there has been an assignment of the claim to the insurer, the assignee is held to be the real party in interest. (Citing cases.) It is possible that this rule may also extend to contractual subrogation cases. But it has not been extended in this jurisdiction to cases of equitable subrogation.

\* \* \* \* \* \*

We now hold that in the absence of an assignment or express contractual subrogation the injured person may recover medical and hospital expenses incurred in his behalf, at least where these expenses are paid pursuant to an agreement based upon the payment of premiums or contributions by or on behalf of the injured person . . .

See also *McCormick v. Gullett*, Ky., 460 S.W.2d 813 (1970) and *Our Lady of Mercy Hospital v. McIntosh*, Ky., 461 S.W.2d 377 (1970).

The above-cited cases concerned actions against tortfeasors, but we specifically extend this doctrine to include Workmen's Compensation cases. This is a quite natural extension in light of KRS 342.020, which specifically requires the employer to pay all hospital and medical expenses incurred on behalf of the injured employee, and in light of KRS 342.305 which provides that any party in interest may file a suit to enforce a decision of the Board. The lower court erred in requiring the Welfare Fund to be removed as a party, but this error was not fatal, inasmuch as the law permits the injured party to bring the action in his own name. This is particularly true when the debtor not only failed to ask that the action be brought by the real party in interest pursuant to CR 17.01 but specifically asked his removal when the action was properly brought. At the time the appellees paid to the appellant the 20% which he had incurred in out-of-pocket expense, the appellees were totally aware of the claim of the Welfare Fund and that the action was being prosecuted by it in the name of the appellant. To permit the compensation carrier to deny claims over a protracted period of time in the hope that they would be paid by insurance or some other source and then seek to avoid the payment directed by the Board or the courts by contending that the expenses which the law requires them to pay had been previously paid by collateral sources would be unconscionable, in our opinion.

Accordingly, this case is remanded to the lower court with directions to set aside the summary judgment herein, to take proof concerning the actual medical expenses paid on behalf of the appellant by the Electrical Workers' Welfare Fund, Local 369, and to enter judgment herein against the appellees for that sum so determined.

All concur.