PREFERRED RISK MUTUAL
INSURANCE COMPANY and
Arvel Long, Appellants,

v.

Bill FAULKNER, Appellee.

Court of Appeals of Kentucky.

June 24, 1977.

Benjamin J. Hays, Winchester, for appellants.

Thomas S. Miller, Jackson, for appellee.

Before COOPER, HOWERTON and REYNOLDS, Judges.

COOPER, Judge.

This is an appeal from the Wolfe Circuit Court involving a subrogation claim against an uninsured motorist where the insurance company was substituted as the real party in interest by the trial court.

On December 7, 1971, the appellant, Arvel Long, and the appellee, Bill Faulkner, were operating their motor vehicles on Kentucky Highway # 746 in Wolfe County, Kentucky. They were traveling in opposite directions and collided.

The appellant, Arvel Long, who was insured by the Preferred Risk Mutual Insurance Company filed a complaint against the appellee, Bill Faulkner, who was an uninsured motorist, seeking damages for personal injuries in the sum of $10,000.

An Agreed Order was entered on June 13, 1974, settling the lawsuit with prejudice to Arvel Long, but specifically reserving the right of subrogation in favor of Preferred Risk Mutual Insurance Company against the defendant, Bill Faulkner.

On April 12, 1976, the appellee moved the trial court to substitute the appellant, Preferred Risk Mutual Insurance Company, as the real party in interest in place of the appellant, Arvel Long. The trial court sustained this motion on April 15, 1976, which was the day of the trial. On the same date the appellants tendered to the court a "Loan Receipt" executed by Arvel Long, undated and obtained after the lawsuit was tentatively settled on June 13, 1974. The Preferred Risk Mutual Insurance Company became the plaintiff and remained so throughout the trial. The jury found for the appellee.

The question of law to be determined by this appeal is:

DID THE TRIAL COURT ERR IN SUBSTITUTING PREFERRED RISK MUTUAL INSURANCE COMPANY FOR ARVEL LONG PRIOR TO THE TRIAL, WHEN THE "LOAN RECEIPT" WAS EXECUTED BY SAID ARVEL LONG SUBSEQUENT TO ENTRY OF THE AGREED ORDER SETTLING ON JUNE 13, 1974?

In the case of *Ratcliff v. Smith*, Ky., 298 S.W.2d 18 (1957), and other Kentucky cases, it has become the well established law that a properly executed "Loan Receipt" permits an insurance carrier to prosecute a subrogation action in the name of its insured.

An Order dismissing the case settled appears on page 19 of the Record on Appeal a part of which is as follows:

Entered June 13, 1974
Jean T. Smith, Clerk

### WOLFE CIRCUIT COURT
### CIVIL ACTION NO. 829

ARVEL LONG           PLAINTIFF

V. AGREED ORDER DISMISSING SETTLED

BILL FAULKNER and
SILAS BRASHEARS       DEFENDANTS

Come counsel for the parties herein and state to the Court that this cause has been settled by the agreement of Preferred Risk Mutual Insurance Company to pay to plaintiff the sum of Six Thousand Dollars ($6,000.00) under an Uninsured Motorists Insurance provision and reserving its right of subrogation against the defendant, Bill Faulkner, and the Court being duly advised.

It is hereby considered, ordered and adjudged that this cause is settled at the cost of the defendants with prejudice to the plaintiff, Arvel Long, but specifically reserving the right of subrogation in favor of Preferred Risk Mutual Insurance Company against the defendant, Bill Faulkner.

This ___11___ day of ___June___, 1974.
         /s/ J. Douglas Graham
            JUDGE

It will be noted that an Agreed Order dated June 11, 1974, and entered on June 13, 1974, had dismissed Arvel Long as a party to the suit. The "Loan Receipt" produced by the appellants on April 15, 1976, was undated and was obtained after the lawsuit was tentatively settled on June 13, 1974.

It does seem even more obvious that in none of the "Loan Receipt" cited cases had an Agreed Order been entered dismissing settled prior to the time the "Loan Receipt" was executed. In the Agreed Order in this case, the language is couched in terms of payment and settlement rather than in terms of a loan.

For the reasons stated the trial court was correct in substituting the Preferred Risk Mutual Insurance Company as the real party in interest.

The judgment is affirmed.

All concur.